ASTON, Respondent, v. ST. LOUIS TRANSIT COM-
PANY, Appellant.

St. Louis Court of Appeals, March 1, 1904.

1. **RATE OF SPEED:** Expert Testimony Not Necessary to Show. The velocity of a car or a train in motion, propelled by electric or steam power, does not have to be established by the testimony of experts; any one accustomed to riding on cars and seeing them run is a competent witness as to their speed.

2. **PRACTICE:** Pleading and Proof. A plaintiff can not allege one cause of action and recover upon the proof of another not stated, and when the plaintiff alleges specific acts of negligence, the evidence and the right of recovery will be confined to the specific acts charged.

3. ———: ———: Self Invited Error. A party can not be heard to complain that the issues in the case on trial were widened beyond the range of the pleadings, where he has himself invited such a result by instructions asked on his own behalf.

4. ———: Carriers of Passengers: Burden of Proof. Where a passenger, standing on the rear platform of a crowded street railway car, was thrown to the ground and injured by reason of the platform gate giving way, in a suit for injuries caused thereby, he made out a *prima facie* case by showing the happening of the accident; the burden was then upon the defendant to show facts which exonerated it from responsibility.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*Byrns & Bean* and *Dinning & Hamel* for appellant.

(1) The court erred in admitting the opinions of plaintiff's several witnesses as to the rate of speed. Not one of them had ever made any observations as to the rate of speed of cars, and could therefore form no judgment on the subject. Without making such observations, they had not the knowledge which entitled them to express an opinion as to the rate of speed. Muth v. Railroad, 87 Mo. App. 434. (2) The court erred in giving each of the instructions for the plaintiff. The plaintiff having alleged specific acts of negligence, those acts alone should have been submitted to the jury, which they must find to have been the proximate cause of the injury. Each of the plaintiff's instructions which goes to the merits of the case directs the jury to find against the defendant upon any cause of negligence, whether alleged or not. The plaintiff having limited her right to recover to the specific acts of negligence alleged, to burden the issues submitted to the jury in the manner set out in plaintiff's first and second instructions was error. Feary v. Railway, 162 Mo. 94; Hite v. Railway, 130 Mo. 136.

*Seneca N. Taylor* and *Klein, Schmidt & Reppy* for respondent.

(1) It does not require an expert to testify as to the speed of a car. Anyone accustomed to riding upon cars and seeing them run may testify as to speed. Walsh v. Railroad, 102 Mo. 582; Covel v. Railroad, 82 Mo. App. 186; Railroad v. Steinberg, 17 Mich. 99; Louisville v. Jones, 108 Ind. 551; Pears v. Seattle, 6 Wash. 227; Pence v. Railroad, 42 Am. and Eng. Railroad Cases, 126; Robinson v. Railway, 112 Fed. 487. (2) A carrier of passengers is required, so far as it is capable by human care and foresight, to carry them safely, and it is responsible for all injuries resulting to its passengers from even the slightest negligence on its part. Higgins v. Railroad, 36 Mo. 428; Lemon v.

Chanslor, 68 Mo. 356; Waller v. Railroad, 83 Mo. 615; Leslie v. Railroad, 88 Mo. 55; Furnish v. Railway, 102 Mo. 150; O'Connell v. Railroad, 106 Mo. 482; Clark v. Railroad, 127 Mo. 208; Hight v. Railway, 130 Mo. 139; Powers v. Railway, 60 Mo. App. 482; Parker v. Railway, 69 Mo. 54; Choquette v. Railway, 80 Mo. App. 520; White v. Railroad, 136 Mass. 324; Nagle v. Railroad, 88 Cal. (1891) 86; Railway v. Cook, 145 Ill. (1893) 551. (3) The breaking down or giving way of any portion of the means of transportation of a carrier of passengers for hire whereby an injury happens to a passenger, constitutes a prima facie presumption of negligence on the part of the carrier, which casts upon the carrier the burden of showing to the reasonable satisfaction of the jury that such breaking down or giving way took place notwithstanding the carrier had exercised to prevent the same the utmost care, skill and foresight of a very cautious person engaged in that employment, and notwithstanding that the carrier had not been guilty of even the slightest negligence tending to produce such breaking down, but that it was the result of mere casualty or unavoidable accident. Unless this presumption is rebutted by the carrier to the reasonable satisfaction of the jury, they may regard it as conclusive, but the carrier can rebut it by showing that the accident which produced the injury to the passenger could not have been prevented by the carrier, or its agents or servants by the exercise of the utmost care, skill and foresight of a very cautious person engaged in the same business. Dougherty v. Railroad, 81 Mo. 325; Hipsley v. Railroad, 88 Mo. 352; Clark v. Railway, 130 Mo. 51; Yerkes v. Keokuk Packet Co., 7 Mo. App. 267; Madden v. Railroad, 50 Mo. App. 675; Meyer v. Railroad, 64 Pa. St. 225; Taylor v. Railroad, 84 N. H. 304; Railroad v. Blumenthal, 160 Ill. 40; Railroad v. Jennings, 83 Ill. App. 612; McCaffery v. Railroad, 193 Pa. St. 339; Meador v. Railway, 61 Pac. (Kan.) 442; Railroad v.

Findlay, 76 Ga. 311; Murphy v. Railroad, 89 Ga. 833; Railroad v. Snyder, 117 Ind. 435; Anderson v. Shaley, 114 Ind. 553; Railroad v. Anderson, 72 Md. 526; Gehnor v. Railroad, 101 Mass. 208; Railroad v. Kuhn, 86 Ky. 578; Railroad v. Jones, 83 Ala. 377; Gleason v. Railroad, 140 U. S. 435; Fetter on Carriers of Passengers, p. 1109, chap. 34, sec. 480; Story on Bailments, 601; 2 Shearman & Redfield on Neg. (5 Ed.), 516; Hutchinson on Carriers (1 Ed.), p. 617, sec. 800; Booth on Street Railways, sec. 361.

### STATEMENT.

On Sunday afternoon, September 28, 1902, Mr. and Mrs. J. W. Aston, accompanied by their three children, started returning from Forest Park; at about five o'clock they boarded a car of defendant then stationary at Forest Park University; the car within was filled with passengers, and the family were compelled to remain on the rear platform. The father, having paid their fare, stood with the youngest child, an infant, in his arms, and the mother was opposite with her arm on the shoulder of the eldest child, a daughter then about seven years of age, standing near or against the gate on the north side of the platform; the car started eastward, stopped at Forest Park Highlands, where more passengers were taken up, and after proceeding a short distance, the gate swung open, the mother and child were precipitated from the car to the ground and injured. The testimony on behalf of plaintiff tended to show that the gate was not fastened but the cause of its becoming loose did not clearly appear; by the evidence of numerous witnesses, it further appeared that the roadbed of defendant, at the place of the casualty, was in bad condition and the car was then being propelled at a high rate of speed. The evidence in defense on the contrary demonstrated that the track was in good condition, well ballasted with a combination of cinders, dirt and macadam, constructed with sixty pound T rails, the

usual rails for such purposes outside of streets, that the gate was one in common use and had been inspected by the conductor of the car before the trip was begun and was securely fastened, both the gate and the fastening in perfect condition, the fastenings were first class and could not be opened by mere jolting of the car but would have to be opened by some one, and the speed of the car, was moderate, not exceeding ten miles per hour.

The assignments of negligence, in the complaint on which the trial was had, were, that defendant permitted so many persons upon the rear platform as to negligently overcrowd it; that, after the platform was so overcrowded, the car was operated at a careless and negligent speed of about twenty-five miles per hour; that the track was in negligent, rough condition, not well ballasted and unfit to operate a car over at even twelve miles per hour; that the gate of the rear platform was not securely and safely fastened, but left in negligent condition, liable to swing open and allow plaintiff to be thrown from the platform; that the several acts of defendant thus enumerated together produced a severe jostling of the passengers upon the rear platform, causing them to crush against plaintiff next to the gate which gave way, swung open and the plaintiff was thrown from the car while it was moving at such negligent speed; the injuries sustained were then detailed and judgment asked. These allegations were put in issue by defendant's answer, the cause was tried in the circuit court of Jefferson county on change of venue before a jury, a verdict returned for plaintiff and defendant has appealed.

REYBURN, J. (after stating the facts as above). —1. The first point made by appellant, is that the trial court erred in admitting the opinions of witnesses

introduced by plaintiff as to the rate of speed attained by defendant's car. That the velocity of a car or a train in motion, propelled by electric or steam power does not require to be established by the testimony of experts, is now fixed beyond reasonable question. No technical knowledge is essential to form an opinion upon such subject, nor does it involve any scientific question to be answered only by a skilled witness, but it relates to a matter of common observation, and any intelligent person accustomed to notice moving objects, who had opportunity of seeing a car or train, would be enabled to form some opinion; the experience and capacity of the testifying witness and the consequent reliability and value of his testimony would affect the weight but not the competency and admissibility of the evidence. Walsh v. Railway, 102 Mo. 582; Corell v. Railway, 82 Mo. App. 181; Lehigh, etc., Co. v. Rainey, 112 Fed. Rep. 485; Detroit, etc., Co. v. Van Steinburg, 17 Mich. 99; Louisville, etc., Railway v. Jones, 108 Ind. 551. The witnesses, who testified to the rate of motion of this car, were accustomed to railroad travel, many rode daily on street cars, and some of them had travelled frequently on steam railroads also, and were undoubtedly qualified to express their judgments upon the rapidity at which this car was operated, leaving the jury to give such testimony the weight it merited. In the case of Muth v. Railway, 87 Mo. App. 422, invoked by appellant, the testimony criticised appears to have emanated from non-observant, inexperienced witnesses without any opportunities for forming opinions of the speed of the moving car in question.

2. The second assignment of error presented by appellant declares that the instructions for plaintiff, directed to the merits of the case exceed and broaden the issues, and warrant the jury to return a verdict against defendant upon any cause of negligence, whether pleaded or omitted by plaintiff. The rule is

recognized, and approved, so well settled and so frequently repeated, that a plaintiff cannot allege one cause of action and recover upon proof of another not stated; and that when a plaintiff alleges specific acts of negligence on defendant's part, the evidence and likewise the right of recovery will be confined to the specific acts charged. Chitty v. Railway, 148 Mo. 64; Hite v. Railway, 130 Mo. 132; Feary v. Railway, 162 Mo. 75.

It is impossible, however, to find any just ground for charge of infraction of above principle in the instructions criticised; the first instruction in express terms directed the jury in passing upon the question whether the defendant was, or was not negligent, in operating its cars on the occasion in question, to take into consideration all the facts and circumstances as shown by the evidence to have existed at the time when, and the place where, the injury in question occurred, and to give to each fact and circumstance and the testimony of each witness, such weight only, as it deemed such fact, circumstance or testimony entitled to, in connection with all the evidence in the case. If further limitation was essential this instruction was qualified by the succeeding instructions, particularly those numbered two, four and five of appellant. The second particularly declared there was no issue that the gate was not properly made nor of a safe kind or the fastenings not of a safe kind; but the actual issue was that the gate was not securely fastened, but was left in a negligent condition liable to swing open and allow plaintiff to be thrown from the platform. In fact the infirmity of widening the issues beyond the range of the pleadings if yielded to by the court, was invited by appellant in its fourth instruction which infused, for the consideration and finding of the jury, the additional issues, whether the gate was safe and of the latest and most approved pattern manufactured for the use and construction of street cars, and the fastenings of the safest kind known to street railroad service; no evidence appeared touching the pattern of the gate or demonstrating that the fastenings were the latest and safest kind or otherwise. The same instruction is amenable to

.further like charge in submitting the question, whether the gate, without knowledge or consent of defendant or its employees, was unfastened by some passenger or other person, in which contingencies, the jury was instructed, defendant was not liable; the record is destitute of any testimony tending to prove that any stranger or in fact any person opened the gate.

3. Nor are the reflections upon the remaining instructions of plaintiff well founded, or sustained. No allegation was made in the statement of the cause of action, nor was any proof tendered by plaintiff of the gate breaking, and in such confined sense it may be claimed, as pressed by appellant, that it did not give away, but such language in a broader construction of those terms was appropriately used in the instruction descriptive of the occurrence, not necessarily involving the element or existence of fracture or forcible separation in itself, but of partial yielding and disconnection from its position as a barrier and safeguard on one side of the platform, and in which meaning the words were employed, adopted and applied throughout without any probability or even possibility of confusing or misunderstanding by the jury. The degree of care imposed on defendant was defined with accuracy and precision by the instructions in accordance with the rulings frequently announced in this state. High v. Railway, 130 Mo. 132; Clark v. Railroad, 127 Mo. 197; O'Connell v. Railroad, 106 Mo. 482; Chouquette v. Railway, 80 Mo. App. 515; Jackson v. Railway, 118 Mo. 199; Olsen v. Railway, 152 Mo. 426; Sullivan v. Railway, 133 Mo. 1.

The instructions also properly and in appropriate language submitted to the jury the presumption of negligence imputable from the occurrence itself; the passenger by showing the happening of the accident made out a prima facie case, and the burden shifted to the defendant to exculpate and absolve itself from presumptive and inferred negligence, and it was for the jury to say, in the light of all the testimony, whether defendant had in its defense disclosed facts exonerating it from responsibility. Chouquette v. Railway and Clark

v. Railroad, supra; Furnish v. Railway, 102 Mo. 438; Hipsley v. Railway, 88 Mo. 348.

4. The respondent insists that the appeal is so plainly devoid of merit and manifestly vexatious, as to demand and justify an award of damages under the plainly devoid of merit an award of damages under the statute. R. S. 1899, sec. 867. We cannot assent to this view nor are we willing to declare from full review of the record that the appeal was not taken in good faith, or that this case properly belongs to the class contemplated by above statutory provision.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.