JAMES L. DONALDSON, Respondent, v. THE MIS-
SOURI PACIFIC RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, January 6, 1908.**

1. **RAILROADS: Negligence: Ordinance: Evidence: Instructions.**
The evidence relating to the speed of a train at the time of col-
liding with a wagon is reviewed and held sufficient to send to
the jury the question of defendant's negligence in exceeding the
ordinance speed as the cause of the collision; and, *held*, the in-
structions properly submitted the question of contributory neg-
ligence.

2. **EVIDENCE: Expert: Speed of Train.** It is not necessary to
qualify a witness to testify in regard to the speed of a train
that he be an expert if he is familiar with trains and accustomed
to seeing them run.

Appeal from Jackson Circuit Court.—*Hon. William B.
Teasdale,* Judge.

AFFIRMED.

*Elijah Robinson* for appellant.

(1) The trial court committed error in permitting
plaintiff and his witness Ridenour to express an opin-
ion as to the speed of the train. Muth v. Railroad, 87
Mo. App. 422. (2) The court should have directed
a verdict for the defendant. Harlan v. Railroad, 65
Mo. 25; Railroad v. Henry, 76 Mo. 293; Mathias v. May-
er, 90 Mo. 583. (3) Plaintiff was guilty of the gross-
est kind of contributory negligence.

*Joseph S. Rust* for respondent.

(1) Plaintiff and witness Ridenour, both testified
that they had been in the employ of railroad companies,
lived near and were accustomed to seeing trains every
day, and were accustomed to riding on trains, and we
think under the decisions of this State thoroughly qual-

ified themselves to express an opinion as to the speed of the train. Austin v. Transit Co., 105 Mo. App. 230. (2) Plaintiff and defendant both, by their instruction, plaintiff by its instruction numbered 2 and defendant by its instruction numbered 1, adopted the same theory of this case and we think it was certainly proper to submit to the jury the question.as to whether or not the excessive speed of the train had anything to do with the accident.

ELLISON, J.—Plaintiff brought this action for injury to himself and his wagon by reason of a collision with one of defendant's trains.

It appears that plaintiff was engaged in Kansas City in hauling brick in a wagon drawn by two horses and in said work he passed over the road where it runs between the railroad track and a precipitous bluff, the space being quite narrow.

Plaintiff entered upon this portion of the road and after getting to perhaps the narrowest part he observed the approaching train. There was room for the train to pass without striking the wagon and it would have done so but that the horses, nervous or frightened at the passing train, jumped, or, as stated by defendant shied, suddenly to the left, which had the effect of turning one of the front wheels out so that the train struck it and overturned the wagon. The account of the affair given by plaintiff at different times was not the most satisfactory, but the parties practically agree that the occurrence is as we have stated.

There was evidence tending to show that the train was running at a much greater rate of speed than six miles per hour, the rate permitted by ordinance; that the place of collision was a place where defendant's servants had reason to expect to meet with persons driving teams. And we think, notwithstanding defendant's argument to the contrary, that there was evidence tend-

ing to show and leave the jury reasonably to infer that but for the negligent speed the horses would have remained quiet.

Every instruction asked by defendant was given save its demurrer to the evidence. They covered every phase of plaintiff's supposed contributory negligence and also stated clearly every proper defense available to the defendant. The case was, without doubt, fully understood by the jury, and while the amount of the verdict ($250) shows they did not think he was much damaged, yet since he does not complain defendant should be satisfied.

Complaint is made that the witnesses who testified to the speed of the train were not qualified. It is not necessary that one should be an expert in order to give evidence as to speed of a train. These witnesses had been about and were familiar with trains and were accustomed to seeing them running. This we think was sufficient to qualify them. [Aston v. Transit Co., 105 Mo. App. 226.]

The judgment is affirmed. All concur.