Johnson v. The St. Louis, Kansas City & Northern Railway Company, *Appellant.*

|  |  |
|---|---|
| 76 | 553 |
| 32a | 577 |
| 76 | 553 |
| 44a | 16 |
| 76 | 553 |
| 52a | 384 |
| 76 | 553 |
| 115 | 537 |

1.  Railroad Company Killing Stock: justice's court: pleading. In an action against a railroad for killing stock commenced in a justice court, the statement filed alleged the killing of a cow "at a point on said railway where said road was not inclosed by a fence as required by law." *Held,* that it was insufficient as a cause of action under section 43 of the railroad corporation act, (R. S., ? 809,) because it failed to allege that the cow got on the track and was killed in consequence of the failure of the defendant to erect fences as required by law.

2.  ———: action at common law and under damage act. Said statement showed no action at common law—no negligence being alleged; nor did it show an action under the 5th section of the damage act, (R. S , ? 2124).

*Appeal from Clinton Circuit Court.*—Hon. George W. Dunn, Judge.

Reversed.

*Wells H. Blodgett* for appellant.

Hough, C. J.—This suit was originally instituted before a justice of the peace upon the following statement:

"St. Louis, Kansas City & Northern Railway Company, Dr., to S. W. Johnson: To killing one cow by your cars in Lathrop township, Clinton county, Missouri, on your railroad on or about the 24th day of November, 1878, at a point on said railway where said road was not inclosed by a fence as required by law. Damages, $27.50."

This is not an action at common law, as it is not based

upon any alleged negligence of the defendant in running its trains, nor is it a suit under the 5th section of the damage act, (R. S., § 2124,) as fences are not by that section required to be constructed, (*Edwards v. R. R. Co.*, 66 Mo. 567;) but it is plainly an attempt to state a cause of action under the 43rd section of the railroad corporation act, (R. S., § 809,) as that is the only statute which requires fences to be constructed.

As a statement of a cause of action under that section, it is fatally defective, in failing to allege that the cow got upon the track of the defendant, and was injured or killed, as the case may be, in consequence of the failure of the defendant to erect and maintain fences where, by law, it was required to erect and maintain them. *Luckie v. R. R. Co.*, 67 Mo. 245; *Sloan v. R. R. Co.*, 74 Mo. 48; *Bates v. R. R. Co.*, 74 Mo. 60. As the insufficiency of the statement necessitates a reversal of the judgment, we need not examine the testimony, which the defendant contends, utterly fails to show that the plaintiff's cow was injured on the defendant's road. Judgment reversed. All concur.