William Clemings, Respondent, v. The Chicago, Rock Island and Pacific Railway Company, Appellant.

### Kansas City Court of Appeals April 19, 1886.

Case Adjudged.—The statement in this case did not state a cause of action at common law, or under the statute. It attempted to state a cause of action under section 806, Revised Statutes, but failed, because it averred that the failure of defendant "to ring the bell or blow the whistle," did not occur at a public crossing.

Appeal from Platte Circuit Court, Hon. George W. Dunn, Judge.

*Reversed and remanded.*

Statement of case by the court.

This suit was brought originally before a justice of the peace upon the following statement :

"Plaintiff states that the defendant is a corporation duly * * * under the name and style of the Chicago, Rock Island & Pacific Railroad Company, and is the owner of that certain railroad which passes through the township of Preston, in the county and state aforesaid, known as the Chicago, Rock Island & Pacific Railroad Company.

"Plaintiff further states, that the defendant has wholly failed to. comply with the Missouri statutes, at a point on its said railroad, in said township, county, and state ; that by reason of said defendant failing to ring the bell or blow the whistle, on or about the twenty-eighth day of January, 1884, one of his cows, of the value of forty-five dollars, strayed upon said railroad at the place aforesaid, and was, then and there, run over and killed by defendant's locomotive and cars, operated on said railroad by its agents, servants, and employes.

"Plaintiff states that said point was not a public crossing or in any street.

"Plaintiff, by reason of the acts of the defendant, as aforesaid, prays judgment for ninety dollars being double damages, given by the statutes in such cases made and provided, and for costs of the suit."

The plaintiff had judgment before the justice of the peace and the defendant appealed to the circuit court. Upon a trial in the latter court, the defendant properly raised the objection that the statement did not contain facts sufficient to constitute a cause of action.

M. A. Low, for the appellant

I.   The statement filed with the justice does not state facts sufficient to constitute a cause of action, either under section 806 or 809, of the Revised Statutes. It does not show that the cow went upon the track by reason of the failure of defendant to fence at a point where it was by law required to fence, or from which it could be inferred that the railroad ought to have fenced at that point, nor is there any allegation from which it may

be inferred that the killing of the animal was occasioned in any wise by the failure to fence. *Johnson v. Railroad*, 16 Mo. 553; *Morraw v. Railroad*, 82 Mo. 169.

II. It was only required to give signals in approaching and crossing public roads or streets which had been opened for public use, and this petition affirmatively negatives the very facts that require the giving of such signals. Rev. Stat., sect. 807.

III. The defendant's demurrer to the evidence should have been given. No issue was made by the pleadings, upon which the plaintiff was entitled to submit his case on the evidence to the court, sitting as a jury. *Johnson v. Railroad*, 76 Mo. 553.

IV. The motion for a new trial should have been sustained for the errors urged, and on the ground that the finding was against the evidence. *Cathcart v. Railroad*, 16 Mo. App. 113; *Marquette v. Railroad*, 8 Am. & Eng. Railroad Cases, 308.

V. The motion in arrest of judgment should have been sustained. The petition wholly fails to state a cause of action, either at common law or under any statute of this state. *Johnson v. Railroad*, 76 Mo. 553.

No brief on file for the respondent.

HALL, J.—The statement did not state a cause of action at common law. No negligence on the part of defendant was alleged. *Johnson v. Railroad*, 76 Mo. 553. Although double damages were asked, the statement did not state a cause of action under section 809, Revised Statutes. This is true for reasons too clear to require mention. The statement would seem to have been an attempt to state a cause of action under section 806, Revised Statutes. As such an attempt it was, however, a failure because it averred that the failure of defendant "to ring the bell or blow the whistle," did not occur at a public crossing. The statement stated no cause of action at common law or under our statutes.

Judgment reversed and cause remanded. All concur.