ELIZABETH POLHANS, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, May 5, 1891.

1.  **Justices' Courts :** SUFFICIENCY OF STATEMENT : ACTION FOUNDED ON NEGLIGENCE. In an action instituted before a justice of the peace against a railway company for the communication of fire by sparks from an engine, it is not essential to allege negligence on the part of the railway company ; the ordinary rule applies, that it is essential only that the statement of the cause of action should advise the defendant of what he is sued for, and be sufficiently definite to bar another action for the same subject-matter.

2.  **Railroads :** BURDEN OF PROOF. If, in such action, it is shown that the fire was communicated by sparks from an engine of the railway company, a *prima facie* case of negligence is made out.

3.  **Practice, Appellate :** WEIGHT OF EVIDENCE. This court will not review the weight of evidence in an action at law, when there is substantial evidence in support of the verdict.

4.  Justices of the Peace: JURISDICTION: INJURY TO LAND. The
fact, that an action for an injury to land affects the inheritance,
does not deprive a justice of the peace of jurisdiction. His juris-
diction, within the prescribed pecuniary limits, extends to all
actions founded on torts, the only exception being actions in
which the title to land comes into question, and is in issue.

*Appeal from the Knox Circuit Court.* —HON. BEN. E.
TURNER, Judge.

AFFIRMED ( *and certified to Supreme Court* ).

*L. F. Cottey* and *Gardiner Lathrop*, for appellant.

*O. D. Jones*, for respondent.

BIGGS, J.—This is an action for damages to recover
the value of certain property destroyed by fire, which
it was alleged was communicated by sparks from an
engine on defendant's road.   In the complaint filed
before the justice the plaintiff claimed that about ten
acres of her meadow land were burned over, and that a
part of the hay was cut but not stacked; that the roots
of the timothy were killed; that three hundred feet of
fence, and a few rows of growing corn, were also
destroyed.   The damage claimed was $148.   The cause
was submitted to a jury in the circuit court, and a ver-
dict for $95 was returned.

On this appeal the defendant claims that the judg-
ment cannot be upheld, because the court committed
error in permitting the plaintiff to amend her original
statement; that the instructions given by the court are
erroneous and inconsistent; that the verdict is not sup-
ported by the evidence, or at least that it is so strongly
against the weight of the evidence, that it must be
ascribed to passion, prejudice or partiality; and that
the action was not cognizable before a justice of the
peace.   We will dispose of the assignments in the
order stated.

In the original statement the plaintiff failed to make the allegation that the fire was occasioned by the *negligence* of the defendant. The case was tried in the circuit court without an amendment of the pleading, and it seems that the attention of the court was called to the alleged defect for the first time by the motion for a new trial. When the verdict was returned into court, the clerk proceeded to enter judgment thereon, before the motion for a new trial was filed. When the attention of the court was called to the condition of the pleadings, it withheld its ruling on the motion for a new trial, directed the judgment entry to be set aside, and permitted the plaintiff to amend her petition by alleging that the fire was occasioned by the defendant's *negligence*. The defendant denied the right to make this amendment, but took no action afterwards, only to except to the action of the court in allowing it to be made.

The original statement, omitting the caption, is as follows: "Plaintiff states that she is the owner of eighty acres of land, through which the roadbed of the defendant railroad company runs ; that defendant is a duly organized railroad company and corporation, and authorized in law to sue and be sued ; that, on July 10, 1890, on her said lands, about one mile northeast of the town of Baring, in Greensburg township, Knox county, Missouri, on said lands, plaintiff had a crop of hay partly harvested ; that on said day a passing train of defendant's company set fire to said crop of hay, and consumed ten acres and a half of said crop, and also three hundred feet of fence, and also killed three rows of corn, ninety rods long, and killed the roots of the grass in the ground of ten and one-half acres ; that thereby the plaintiff is damaged in the full sum of $1,048, for which she asks judgment and costs."

We are of the opinion that the amendment was unnecessary, as the petition filed before the justice was

a sufficient statement of a common-law action for negligence. The entire current of decisions both in this court and the supreme court supports our conclusion. In the case of *Hansberger v. Railroad*, 43 Mo. 196, the supreme court held the following petition sufficient as a statement of negligence at common law: "That the railroad company did injury to plaintiff as follows ; that is to say, on or about the month aforesaid, at the county and state aforesaid, the employes of said railroad company did run against, with a locomotive or cars, and did knock down and kill two head of cattle, of the value of $50, and said cattle belonged to plaintiff." This statement will be found in the opinion of the court in the case of *Minter v. Railroad*, 82 Mo. 128.

In the case of *Iba v. Railroad*, 45 Mo. 469, a recovery of single damages for failure to fence was sustained upon the following statement filed before the justice :

" *The Hannibal & St. Joseph Ry. Co., To Henry B. Iba, Dr.*

"For damages amounting to $65 for a cow killed on railroad on or about the seventh day of November, 1867......$65.00."

In *Burt v. Warne*, 31 Mo. 296, the plaintiff sued before a justice of the peace for damages to a building.

His statement was in the form of a simple account, without any averment showing force or negligence or any other fact that would charge the defendant. The court held the statement to be sufficient.

In *Coughlin v. Lyons*, 24 Mo. 533, the action was for damages for the wrongful seizure of the plaintiff's property under a writ of attachment against a third person. The statement was held sufficient, though it was in form of a simple account, without any allegation of tort.

In the cases of *McDonough v. Daly*, 6 Mo. App. 598, and *Morris v. Buckley*, 9 Mo. App. 577, this court decided that the statement of a cause of action before a

justice of the peace may be sufficient, though it does not set forth all constitutive facts.

The foregoing cases are in harmony with the general rule, to be extracted from a long line of decisions, to the effect that a magistrate's court is a popular tribunal where all technicalities in pleading are discarded, and, if a statement of a cause of action advises the defendant of what he is sued for, and is sufficiently definite to bar another action for the same matter, it will be held good. *Armstrong v. Keleher*, 71 Mo. 492 ; *Butts v. Phelps*, 79 Mo. 302 ; *City of Kansas v. Johnson*, 78 Mo. 661 ; *Von Phul v. Menne*, 16 Mo. App. 561 ; *Gibbs v. Railroad*, 11 Mo. App. 459 ; *Lin v. Railroad*, 10 Mo. App. 125.

Our conclusion on this question, however, is flatly opposed by the decision of the Kansas City Court of Appeals in the case of *Clemings v. Railroad*, 21 Mo. App. 606. In that case Judge HALL decided that in an action for negligence before a justice it was absolutely essential for the statement to contain an averment of negligence on the part of the defendant. This decision in our opinion is wrong, when applied to a statement before a justice which is otherwise sufficient. It seems to us to be opposed to the entire current of authority in this state.

Under the view we have taken it will not be required of us to determine the right of the circuit court to set aside the judgment entry for the purpose of letting in the amendment to the petition. We will, therefore, overrule the defendant's first assignment.

The court on its own motion gave the following instructions : "1. If the evidence shows that the fire was communicated by sparks from a locomotive engine attached to a passing train, then it devolves on the defendant to show that the escape of sparks was not the result of negligence on its part.

"2. Before the jury can find a verdict for the plaintiff, the evidence must show that the fire in question was communicated by sparks from a passing engine

of defendant, and the burden of proving that the fire was so communicated rests on plaintiff.

"3. If the plaintiff recovers, she can only recover the reasonable value of the property destroyed at the time as shown by the evidence.

"4. If the jury believe from the evidence that defendant, by its servants and employes, so negligently run and managed its locomotive engine on its railroad, where it ran through plaintiff's land, that fire escaped from said engine and set fire to combustible material on the right of way, which said fire communicated to the grass growing and standing on plaintiff's farm, and burned up said grass and one hundred yards of fence, and damaged three rows of the plaintiff's corn and destroyed the value of the meadow for fall pasture, then, in such case, the jury will find for plaintiff, and assess her damages at such sum as the evidence shows to have been the reasonable value of said grass, corn, fence and pasture."

The defendant objects to the second instruction because it does not predicate the plaintiff's right of recovery on any negligent act of the defendant. The objection to the first and fourth is grounded on the principle, that the case as made by the pleadings must be submitted to the jury.

It cannot be said that the instructions are without substantial evidence to authorize them. The circumstances pointed very strongly to the conclusion that the fire originated from sparks from one of the defendant's locomotives. There was no countervailing proof. In fact the defendant introduced no evidence at all, except on the question of damages. The specific objection now made to the second instruction is, that it authorizes a recovery without proof of any act of negligence committed by the defendant. A sufficient answer to this objection is that the plaintiff's evidence, if the jury believed it, made a *prima facie* case of negligence against the defendant. As the defendant did not

attempt to rebut this *prima facie* case by showing that the engine in question was in charge of competent men, and was provided with an approved spark arrester, which was at the time in good order, the court did right in giving the instruction.

What we have said concerning the second instruction renders a discussion of the assignment based on the first and fourth instructions unnecessary. The objection is without merit, and will be overruled.

The assignment concerning the damages is based on the assertion, that the finding of the jury must have been the result of passion, prejudice and partiality. We cannot take this view of the evidence. Two or three of plaintiff's witnesses estimated the damages in excess of the verdict, and the defendant's witnesses placed the damage much below. In our opinion the evidence given by the defendant's witnesses was the more satisfactory, but we are powerless to disturb the judgment by reason of this. The jurors were the sole judges of the credibility of the witnesses, and the weight to be given to their testimony. This assignment will likewise be ruled against the defendant.

Lastly, it is claimed that the justice had no jurisdiction of the action, because the claim for damages included an injury to the plaintiff's land. The defendant's counsel seem to be under the impression, that actions for injuries done to real estate, including the destruction of growing crops thereon, or for such other injuries as may affect the inheritance, are not cognizable before a justice of the peace. This is a misconception of the statute. Section 6122 confers jurisdiction on justices of the peace to hear all actions founded on torts, where the damages claimed do not exceed the sum of $250. The only limitation on this jurisdiction is to be found in section 6124, which provides that a justice of the peace shall not have jurisdiction to try any case, where "the title to any lands or tenements shall come in question and be in issue." We have no

such case here, hence this assignment will also be over-ruled.

The defendant's motion to transfer the case to the supreme court will also be overruled. The motion is predicated on the idea that this action was brought under section 2615 of the Revised Statutes of 1889, which section the defendant contends is repugnant to certain provisions of the state constitution. We have shown that the suit was a common-law action for damages, and as the section referred to is in no way involved, the motion to transfer goes for nothing.

Our conclusion leads to an affirmance of the judgment, but, as our opinion in respect of the sufficiency of the original statement is opposed to the decision of the Kansas City Court of Appeals in the case of *Clemings v. Railroad, supra,* the case will be certified to the supreme court for final determination. All the judges concur.