POLHANS v. THE ATCHISON, TOPEKA & SANTA FE
RAILROAD COMPANY, *Appellant*.

### Division One, May 8, 1893.

1. **Justice's Court**: PLEADING: NEGLIGENCE. A statement in an action before a justice of the peace for damages to plaintiff's hay caused by fire emitted from the defendant company's railroad train. is sufficient after verdict, although it contains no allegation of negligence. *(45 Mo. App. p. 153, affirmed.)*

2. ———: ———. It is only necessary in actions before justices of the peace that the statement be sufficient to inform the opposite party of the claim and specific enough to bar another action.

*Certified from the St. Louis Court of Appeals.*

AFFIRMED.

*Gardiner Lathrop* and *L. F. Cottey* for appellant.

(1) The original complaint stated no causes of action at common law, because it contained no averment of negligence. Negligence is the very gist and essence of the transaction. *Johnson v. Railroad*, 76 Mo. 553; *Melvin v. Railroad*, 89 Mo. 106; *Clemings v. Railroad*, 21 Mo. App. 606; *Kendig v. Railroad*, 79 Mo. 207; *Taylor v. Railroad*, 83 Mo. 386; *Robertson v. Railraod*, 84 Mo. 119; *Witting v. Railroad*, 101 Mo. 631. (2) The important ingredients of a cause of action must be in some manner stated, otherwise there is nothing to be amended and nothing to be aided. *Furnishing Co. v. Wallace*, 21 Mo. App. 128; *State v. Pace*, 34 Mo. App. 458; *Mfg. Co. v. Givens*, 35 Mo. App. 602; *Campbell v. Carroll*, 35 Mo. App. 640; *Inhabitants v. Williams*, 53 Mo. 141; *Carr v. Moss*, 87 Mo. 447. (3) If plaintiff has averred negligence, then defendant could have rebutted its presumption by showing that

the best machinery and appliances were in use on the locomotive in question. *Fitch v. Railroad*, 45 Mo. 322; *Palmer v. Railroad*, 76 Mo. 217; *Wise v. Railroad*, 85 Mo. 178. (4) The issues must be raised by the pleadings, and cannot be raised by the evidence and instructions. A plaintiff can only recover on the cause of action stated in the petition or complaint. A party cannot sue for a horse and recover a cow. If no cause of action is stated nothing can be recovered. *Waldhier v. Railroad*, 71 Mo. 514; *Ely v. Railroad*, 77 Mo. 34; *Gurley v. Railroad*, 93 Mo. 445; *Nall v. Railroad*, 97 Mo. 68; *Weil v. Posten*, 77 Mo. 284. (5) Again the rule is that whenever a general demurrer would be well taken a motion in arrest is equally available. *Hart v. Wire Co.*, 91 Mo. 414. And cases there cited.

*O. D. Jones*, for respondent.

(1) The original petition was good. It is not necessary to allege negligence now. Revised Statutes, 1889, sec. 2615. The 21 Mo. App. 606-8 cited by appellant has no relevancy to the case. The amended section cited was made to cure the doctrine laid down in *Patton v. Railroad*, 87 Mo. 117. It was proper in any event to permit the amendment and the amended petition is good. The evidence showed there was dry combustible matter on defendant's right of way—that the fire caught from a passing train, on its right of way and communicated thence to plaintiff's hay field. *Frost v. Pryor*, 7 Mo. 314; *Bank v. Franklin Co.*, 65 Mo. 105; *Garth v. Caldwell*, 72 Mo. 622; *Lamb v. Railroad*, 33 Mo. App. 489; *Corrigan v. Brady*, 90 Mo. 649; *Sprague v. Follett,* 90 Mo. 549. (2) Appellant would ignore the doctrine of "aider by verdict." It is the duty of the court to permit an amendment to conform the allegations to the proofs. *Blair v. Railroad*,

89 Mo. 383; *Carr v. Moss*, 87 Mo. 447.    (3) This court will not weigh the evidence, if there was any, to support the verdict of which there is no doubt.    It is not set out in the abstract in any event.    No attempt or claim to giving the language of the witnesses.

MACFARLANE, J.—This suit was commenced before a justice of the peace to recover damages for destruction of hay, corn and rails belonging to plaintiff by a fire, charged to have been set by a passing train on defendant's road.    The statement contained no charge of negligence.

Plaintiff recovered judgment before the justice, and again in the circuit court, from which defendant appealed to the St. Louis court of appeals where the judgment was affirmed; but that court, believing the opinion to be in conflict with the case of *Clemings v. Railroad*, decided by the Kansas City court of appeals (21 Mo. App. 606), the case was certified to this court for final determination.    The opinion of the court of appeals is reported in 45 Mo. App. 153, to which reference is made for a full statement.

The question upon which the conflict of opinion arises is whether the statement, before the justice, omitting as it does any allegation of negligence, was sufficient on objection raised after verdict.

There is no doubt that the decisions of this court require some strictness to be observed in the statement in a justice's court of a statutory cause of action.    See *Johnson v. Railroad*, 76 Mo. 553; *Morrow v. Railroad*, 82 Mo. 169, and cases cited in each.    We do not think that this line of decisions overrules the doctrine that, in common law actions before justices of the peace, it is only necessary that the statement be sufficient to advise the opposite party of the claim, and sufficiently

specific to be a bar to another action. *Iba v. Railroad*, 45 Mo. 471; *Minter v. Railroad*, 82 Mo. 131.

Nor do we think the change in the statute such as to require greater strictness in pleading in such courts now, than formerly, as claimed by defendant. Section 13, page 814, 2 Wagner's Statutes, which was in force when the *Iba case* was decided, required a "statement of the facts constituting the cause of action" to be filed and the present statute (sec. 6138) requires a "statement   *   *   * of the facts constituting the cause of action upon which the suit is founded" to be filed. There is no substantial difference. The present statute provides, in terms, that no formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court, thus adopting the previous rulings of the court as a statutory rule of pleading.

We are satisfied with the decision of the St. Louis court of appeals, and adopt its opinion on all the points considered, and affirm the judgment. BARCLAY, J., absent, the other judges concur.