M. D. BROWN, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1901.

1. Railroads and Highways: NEGLIGENCE: WIRE FENCE: ACTION. One who permits a wire fence along or near a public highway to become in a dangerous condition to those lawfully using the highway is liable for all resulting damages.

2. ———: ———: ———: CONTRIBUTORY NEGLIGENCE: VARIANCE. *Held,* there is no variance between the pleading and evidence, and that the case was properly sent to the jury on the questio.. of contributory negligence.

3. ———: ———: ———: PROXIMATE CAUSE. *Held,* the negligent condition in which the fence was left was the proximate cause of plaintiff's injury.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) Upon the undisputed facts in this case the plaintiff is not entitled to recover. Ellis v. Railroad, 17 Mo. App. 126; Brown v. Railroad, 20 Mo. App. 222. (2) The verdict is clearly excessive. Spohn v. Railroad, 87 Mo. 84.

*N. T. Gentry* for respondent.

(1) The negligent act complained of in this case is that defendant permitted its barbed-wire fence to remain on the ground and out in the public road. All the authorities hold that the person who places a dangerous instrument, thing or obstruction on or near the public highway will make himself liable to another whose person or property is injured thereby. Foster v. Swope, 41 Mo. App. 145, and cas. cit; Schmidt v. Distilling Co., 90 Mo. 294; Witte v. Stifel, 126 Mo. 303; Vale v. Bliss, 50 Barb. 358; Silvers v. Nerdlinger, 30 Ind. 53; Pastene v. Adams, 48 Cal. 87; Whittaker's Smith on Neg. 113; Sherman & Redfield on Neg. (2 Ed.), sec. 363; 15 Am. and Eng. Ency. of Law, sec. 436. (2) Especially do they hold that the person who allows a barbed-wire fence, either on or near the highway, to get and remain in bad repair, shall respond in damages to one who is injured by reason thereof. Sick v. Crump, 14 N. E. Rep. 381; Gould v. Railroad, 19 Atl. Rep. (Me.) 84; Burgin v. Kennitt, 29 Atl. Rep. (N. H.) 414; Loveland v. Gardiner, 21 Pac. Rep. (Cal.) 766; Hurd v. Lacy, 9 So.

Rep. (Ala.) 378; McFarland v. Swihart, 11 Ind. App. 177; Sick v. Crump, 112 Ind. 504; Durant v. Palmer, 29 N. J. L. 547; Wood on Nuisances, sec. 81. (3) Whether the fence was dangerous or not was a question for the trial court to determine, under all the evidence in the case. Young v. Kansas City, 45 Mo. App. 600; Hill v. Sedalia, 64 Mo. App. 501; Staples v. Canton, 69 Mo. 592. (4) While it is true that the defendant is entitled to a reasonable time in which to make the repairs before it would be liable for injuries resulting therefrom, yet the evidence conclusively shows that some. two months had elapsed since this fence had been broken down; of course, this was ample time. Foster v. Railroad, 44 Mo. App. 11; Yocum v. Trenton, 20 Mo. App. 489; Squires v. Chillicothe, 89 Mo. 226; Carrington v. St. Louis, 89 Mo. 208. Whether the defendant had notice, or was negligently ignorant, was a question of fact for the trial court, sitting as a jury. Bradbury v. Falmouth, 18 Me. 64; Reed v. Northfield, 13 Pick. (Mass.) 94; Howell v. Plainfield, 41 N. H. 145; 2 Thompson on Neg., p. 763; Barr v. Kansas City, 105 Mo. 556; Wharton on Neg., sec. 963; Sherman & Redfield on Neg., sec. 148. (5) The question of whether or not plaintiff was guilty of contributory negligence, is one exclusively for the jury. Boland v. Kansas City, 32 Mo. App. 15; Coontz v. Railroad, 115 Mo. 675; Church v. Railroad, 119 Mo. 203; Taylor v. Railroad, 26 Mo. App. 336; Dunn v. Railroad, 21 Mo. App. 188; Covell v. Railroad, 82 Mo. App. 180; Taylor v. Springfield, 61 Mo. App. 263; Pierson v. Lebanon, 69 Mo. App. 321; Culverson v. Maryville, 67 Mo. App. 343; O'Donnell v. Patton, 117 Mo. 13; Boulton v. City of Columbia, 71 Mo. App. 519.

ELLISON, J.—This action is for damages inflicted on plaintiff's horse. The trial was without a jury and the court found for plaintiff.

As the finding was for plaintiff we will state as facts what the evidence in his behalf tended to prove. At the place of accident in Boone county, near Browns Station, the railroad and the public road run parallel. The railroad right of way is fenced with barbed-wire, nailed to posts twelve or fourteen feet apart. At the place in controversy the fence was broken down leaving an irregular gap. Some of the wires were down on the ground out in the public road. It appears that at least one of the wires which was not down on the ground, stuck out from one of the posts. Plaintiff was riding the horse injured along the highway when, at the place where the fence was down, he met some acquaintances driving a lot of mules in the opposite direction. Fearing the mules would run through the gap in the fence on to defendant's right of way, one of the parties driving them called to plaintiff to ride up to the gap and prevent them going in. Plaintiff did so. As he got up to the place his horse rubbed against the loose wire that stood out, which caused him to "step back," when one of his hind feet became entangled in the wires, whereby he was badly cut and injured. The evidence tended to show that the fence had been in the condition mentioned for a long space of time and that defendant had notice of its condition. No instructions were asked by either party, save a demurrer by defendant, which was refused.

We have no hesitation in holding that defendant was guilty of negligence in permitting the fence to remain in the condition shown. One who permits a wire fence, along or near the line of a public highway, to become in a dangerous condition to those who may be lawfully using the highway, will be held liable for resulting damage. Foster v. Swope, 41 Mo. App. 145 and cases cited; Schmidt v. Dis. Co., 90 Mo. 294; Witte v. Stifel, 126 Mo. 303; Vale v. Bliss, 50 Barb. 358; Silvers v. Nerdlinger, 30 Ind. 53; Pastene v. Adams, 48

Cal. 87; Whittaker's Smith on Neg., 113.

The evidence in the cause is by no means of such uncontradicted nature as to justify a court in declaring, as a matter of law, that plaintiff was guilty of contributory negligence.

Defendant contends that the proof does not support the petition. The petition alleges that plaintiff, at the time of the injury, was "lawfully riding along said public road, in an ordinarily prudent and careful manner, and that while travelling on said public road, the plaintiff's" horse got his foot entangled, etc. We do not think the facts, a synopsis of which we have set out above, are so far at variance with the allegation just quoted as to amount to a total failure of proof. Plaintiff was lawfully riding along the highway when his horse was struck by the swinging wire which caused him to step into the wires which did the injury. It was not necessary to set out the object plaintiff had in view at that particular moment of his use of the highway.

At the immediate time of the injury plaintiff was riding in the highway up to a point where he could perform a service of accommodation for an acquaintance. While in the attempt to do this kindness, his horse became entangled in the wire of the fence which defendant had negligently left in such unlawful condition. We have no doubt but that the condition of the fence was the proximate cause of the injury.

We discover no reason under the evidence for disturbing the judgment on account of amount. It will therefore be affirmed. All concur.