D. H. HALL, Plaintiff, and MARIA B. HALL, Assignee of Judgment, Respondents, v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 30, 1907.

1. JUSTICES OF THE PEACE: Pleading: Negligence. A statement filed before a justice of the peace wherein the plaintiff sought to recover against a street railway company damages caused by a collision of plaintiff's carriage with a street car, was sufficient after verdict though it did not state the facts which showed negligence on part of defendant, or that the act complained of was negligently committed.

2. STREET RAILWAYS: Contributory Negligence. Where the driver of a vehicle was obliged to cross a street railway track on account of obstructions in the street, whether he was guilty of negligence which contributed to the injury caused by colliding with a car was a question for the jury, in an action for the damages which ensued, though the evidence showed that the

track was in bad condition so that it made it difficult to pass over and the car approaching was three hundred and fifty feet away when he started to drive across.

3. ———: **Negligence.** And where the evidence showed that the peril of the driver could have been seen by the motorman at least three hundred feet, whether the motorman was negligent in failing to keep a vigilant watch and in failing to exercise ordinary care to stop the car and prevent the injury, was a question for the jury.

4. ———: ———: **Ownership of Car.** In an action for damages caused by a collision with a street car, where the witnesses testified that the colliding car bore the defendant's name, this was sufficient to take the case to the jury as to whether the defendant owned the car which caused the damage.

5. ———: **Expert Testimony: Speed of Car.** It does not require an expert to testify as to the speed of street cars; the experience and capacity of a witness who testifies to speed are matters to be weighed by the jury.

6. **PRACTICE: Instruction: Failure to Instruct.** The trial court is not required to give instructions to the jury unless requested to do so; the losing party cannot base an error upon the failure of the court to instruct for the other party.

Appeal from St. Louis City Circuit Court. — *Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Jefferson Chandler* and *John Lionberger Davis* for appellant.

(1) The court erred in refusing to give defendant's instruction, which was in the nature of a demurrer to the pleadings and evidence. (a) Plaintiff's statement of his case failed to state facts sufficient to constitute a cause of action. Pat., Code Pl., sec. 421; Gurley v. Railroad, 93 Mo. 445; Jacquin v. Railroad, 57 Mo. App. 320; McCarty v. Rood Hotel, 144 Mo. 397; Yarnell v. Railroad, 113 Mo. 570; Maggioli v. Transit Co., 108 Mo. App. 416. (b) Plaintiff's evidence showed no negligence of defendant, but showed conclusively that plaintiff's driver was guilty of negligence in law. Hook v. Railroad, 162

Mo. 569; Guyer v. Railroad, 174 Mo. 344; Murray v. Transit Co., 176 Mo. 344; Roenfeldt v. Railroad, 180 Mo. 554. (2) The court erred in permitting plaintiff's witness Schmitt to testify over objection of defendant that the car was running thirty-five or forty miles per hour. No foundation was laid for such an answer. The court's ruling was duly excepted to at the time. Petty v. Railroad, 179 Mo. 666; Muth v. Railroad, 87 Mo. App. 422. (3) The court erred in not indicating to the jury the issues in the case. No instructions were given which permitted the jury to find in favor of the plaintiff. This error was not and cannot be cured by defendant's instructions. Allen v. Transit Co., 81 S. W. 1142; Boyd v. Transit Co., 108 Mo. App. 306; Fleischmann v. Miller, 38 Mo. App. 177; Gessler v. Railroad, 26 Mo. App. 156. (4) Plaintiff's statement or petition wholly failed to state facts sufficient to constitute a cause of action. A finding on it would not bar a future recovery. The statement fails to set out any act of negligence upon which plaintiff relied, nor was there any characterization of any act as negligent. Both these requirements are necessary for good pleading. 14 Enc. Pl. and Pr., 334; 1 Burns' An. Pr. Code, 280, 281. (5) Objections to such a pleading may be raised at any time. Davis v. Jacksonville Line, 126 Mo. 69; Lilly v. Menke, 126 Mo. 190. (6) No negligence of the defendant was pleaded or proven. The collision alone was relied upon by plaintiff to sustain a recovery. No presumption of negligence arises from the collision. Carvin v. Railroad, 150 Mo. 334; 93 Mo. App. 47; Feary v. Railroad, 162 Mo. 25. Furthermore the headlight of the car was burning. The collision didn't happen at a crossing but west of Compton avenue; the driver turned across the track right in front of the car and was struck before he could get across. The motorman had a right to presume that any reasonable man driving towards his car would not turn across the track right in front of the car, especially

where there was no cross street. Baldwin v. Railroad, 409; Moore v. Railroad, 176 Mo. 544.

*R. M. Nichols* for respondent.

(1) The statement filed before the justice apprised defendant that the suit was for damages, sustained by reason of a collision on a certain date at a certain place, with a certain car. The statement was sufficiently specific to apprise defendant of the nature of the cause of action and to bar any other action for the same cause. Damhorst v. Railroad, 32 Mo. App. 350; Bell v. Boyd, 66 Mo. App. 134; Burt v. Warne, 31 Mo. 296; Witting v. Railroad, 101 Mo. 631; Van Cleave v. St. Louis, 159 Mo. 574. (2) The negligence of defendant could reasonably be inferred from the statement of plaintiff's cause of action that damages were claimed "by reason of a collision" with "car No. 339" in "breaking carriage and other damages," and this statement is sufficient to sustain the verdict. R. S. 1899, sec. 672, subd. 5, 8; Wood v. Railroad, 58 Mo. 109; Young v. Prentice, 105 Mo. App. 563.

NORTONI, J.—The suit is for damages to plaintiff's carriage occasioned by the defendant's street car colliding with same. It originated before a justice of the peace, and found its way into the circuit court, where it was tried and a recovery had by plaintiff upon the following statement:

"St. Louis & Suburban Ry. Co.,

to

D. H. Hall, Dr.

"To damages sustained by reason of collision on 22d of May near Compton avenue and Franklin avenue in breaking carriage and other damages, sustained in collision car 339 of St. Louis & Suburban Road, $135."

The evidence on part of plaintiff tended to prove

that about one o'clock in the morning of the day mentioned, a team and carriage of plaintiff was being driven by a driver in her employ, east along the south side of Franklin avenue, a public thoroughfare of the city of St. Louis, on which defendant maintained and operated a street railroad. The defendant having been engaged in repairing its tracks, had so excavated the street, removed the paving and placed debris therein that when the carriage came near the crossing at Compton avenue, its further progress was interrupted on the south side of the street thereby and the driver directed the team and conveyance to the northeast with the intention of crossing defendant's tracks to the north side of the street, which was clear and open for travel. Defendant having excavated the street by removing the paving stones between the rails, rendered it somewhat difficult, although not dangerous, to cross, by the exercise of ordinary care in that behalf. At the time the driver attempted to cross the tracks, a street car was seen approaching from the east, three hundred and fifty feet distant. There were lights at the Compton avenue crossing and thereabout, enabling the carriage to be seen for eight or nine hundred feet, so it is said. While the driver was exercising due care in crossing, the progress of the carriage, in jolting over the rails because of the excavation in the center of the track, and outside adjacent thereto, became impeded and the wheels slipped along the rail causing, as said by one of the witnesses, "a bad sound when it hit the track." The team became almost if not quite stalled, so that it moved slowly and, as said by another witness, the carriage did not continually move forward. "It was kind of caught occasionally and it took jabbing motions of his team to pull it out." While in this position the car approached it at a rate of speed from thirty-five to forty miles an hour, colliding with the carriage, whereby it was injured and damaged to the plaintiff's loss in the sum of $135. Plaintiff also intro-

duced an ordinance of the city of St. Louis, known as the vigilant watch ordinance which provides that the motorman shall keep a vigilant watch for persons on or near the tracks and stop his car upon the first appearance of danger. Several witnesses testified on behalf of plaintiff to the effect that the car which did the damage was painted yellow and the defendant at that time operated yellow cars on its road. This car was operated on the tracks of defendant company, and on the side of the car, was painted the name of this defendant company. Defendant denied that it either owned or operated the car and both its treasurer and its painter gave evidence to the effect that the car was owned and operated at the time by the St. Louis & Meramec River Railway Company, which company also operated some yellow cars.

No instructions were requested or given on behalf of plaintiff.

At the defendant's request, on the question of liability the court charged the jury as follows:

"The court instructs the jury that if they believe from the evidence that the motorman of the car in question was in the employ of the St. Louis and Meramec River Railroad Co., and not in the employ of the St. Louis & Suburban Railway Company, and that the car mentioned in the plaintiff's evidence was a car owned and operated by the St. Louis & Meramec River Railroad Company, then your verdict must be for the defendant.

"The court instructs the jury that in a case of this kind there is no presumption of negligence because the plaintiff's property was injured in the collision with a car; but before the plaintiff can recover he must prove that the defendant was guilty of negligence directly causing such injury. Even then the plaintiff is not entitled to recover if it appears from the evidence that his agent, in charge of the carriage was not using ordinary

care at the time of the collision to prevent any injuries sustained, and that as a direct result the injuries were sustained.

"The court instructs the jury that although they may believe and find from the evidence that the plaintiff's driver on the occasion in question before going upon or near the track upon which the collision occurred, looked and listened for approaching cars, yet if the jury further believe and find from the evidence that the said driver when he so looked and listened saw a car approaching in a westerly direction on said track, in dangerous or close proximity to him, or might have seen said car by exercising ordinary care in so looking and listening, but notwithstanding negligently attempted to cross in front of said approaching car, then the jury are instructed that such conduct on the part of plaintiff's driver was negligence, and their verdict must be for the defendant.

"The court instructs the jury that if they believe from the evidence in this case that plaintiff's agent, servant and driver, in charge of plaintiff's carriage, negligently or carelessly took chances to cross the tracks in front of the car mentioned in plaintiff's petition and the carriage was struck and injured in consequence thereof, then plaintiff is not entitled to recover and their verdict must be for the defendant.

"The court instructs the jury that they will not consider the alleged bad condition of the street mentioned in the evidence in this case as an element of defendant's alleged negligence."

1. The court refused to peremptorily direct a verdict for defendant on the pleadings and evidence. This action is the first and principal assignment of error. It is argued the statement filed before the justice of the peace and upon which the cause was tried, is insufficient, for the reason it did not charge the act of defendant which resulted in the injury and damage to plaintiff's

carriage, was negligently done, or show such a state of facts from which the negligent breach of duty appears. The sufficiency of the statement was not challenged by demurrer nor by motion to make it more definite and certain, nor was there so much as an objection to the introduction of evidence because of insufficiency in that behalf. The matter is first raised by motion in arrest of judgment. Now, it is well settled in this State that the court of the justice of the peace is a popular tribunal, designed and intended for the convenience of parties litigant, in which forum they may appear and settle their controversies without counsel or aid. Section 3852, Revised Statutes 1899, is express authority for the sentiment. It provides that no formal pleadings shall be required on the part of either defendant or plaintiff and although, by another provision, in certain instances it requires the filing of a statement "of the facts constituting the cause of action," in consonance with the spirit of the section, the courts have ruled time and time again that this provision is satisfied by such statement as will notify the defendant of the nature of the cause, for which he is sued, and sufficiently definite to bar another action for the same subject-matter. On this rule, it has been adjudged by both this and the Supreme Court that in statements of causes of action before a justice of the peace for damages occasioned by common law negligence, it is unnecessary to allege the act complained of to have been negligently committed or to set up a state of facts therein which shows a negligent breach of duty as a conclusion. The point made here has been expressly ruled in the following cases after verdict. [Polhans v. Railroad, 45 Mo. App. 153, and numerous cases therein cited.] The ruling in this case, upon certification, as being in conflict with Clemings v. Railroad, 21 Mo. App. 606, decided by the Kansas City Court of Appeals, was expressly affirmed by the Supreme Court. [See Polhans v. Railway, 115 Mo. 535.] Now the state-

ment in this case, devoid as it is of an allegation either of negligence or willfulness, or facts from which a negligent breach of duty appears, it would seem, proceeds as though there were an absolute liability against the defendant on account of the collision, and in this view, it may be said to be doubtful whether or not the general rule with respect to pleadings before the justice is satisfied in its requirements as to the nature of the cause of action, for it is hard to discern from the plaintiff's statement, just what the nature of plaintiff's cause here asserted is. Indeed, it is true that there could be no liability of defendant in favor of plaintiff on account of the collision except for its negligent act in the one instance or its wilful act in another. Nothing appears characterizing either. The doctrine above stated, however, is well established in the cases cited, and it proceeds no doubt, upon the theory that even without the characterization of negligence by proper language, or the statement of facts from which a negligent breach is disclosed, resort may be had after verdict to all reasonable implications from the facts stated, and the statement sustained as sufficient, if, after such reasonable implications, it operates to disclose for what the defendant was sued, and will bar another action for the same cause. [Van Cleave v. St. Louis, 159 Mo. 574.] When we indulge all reasonable implications in aid of the statement after verdict, we are of the opinion that from its context and the employment of the words "damages" and "collisions" showing damages were occasioned to plaintiff's carriage by defendant's car colliding therewith, it is much more reasonable to say that it is implied thereby such collisions resulted from defendant's negligent and inattentive act, than it is to say it resulted from defendant's willful and intentional act, for the reason that wilfulness involves the notion that the defendant caused the injury purposely intentionally, which indeed, appears quite unreasonable,

as such act only involves first, the presumption of intentional wrong doing on the part of defendant's servants, which we are precluded from presuming upon the principle of law indulging the presumption of right conduct always, and second, a willful collision involves as well the doing of an act by those in charge of the car, attended by an element of danger, not only to the carriage and its occupants, but to those operating the car as well. The experience of mankind points to this as not probable in view of the well known instinct of human nature to preserve one's person from danger or harm, or at least not to voluntarily do an act, the possibilities of which entail dangers upon the actor. It is immaterial however, whatever may be reasoned out on that score, under the authorities cited, the statement is sufficient; at least such statements omitting either a characterization of the act as negligent or a statement of fact from which negligence appears as a conclusion, have been sustained by both this and the Supreme Court in the cases mentioned and the matter is foreclosed thereby.

2. The evidence adduced, besides tending to prove plaintiff's driver exercised ordinary care in crossing, showed the car at the time he directed the team upon the track, was three hundred and fifty feet away. Certainly one cannot be declared negligent as a matter of law in driving across the track in a public thoroughfare with an ordinary carriage even though the paving between the rails and adjacent thereto had been removed, leaving a space about six inches deep for the carriage to pass over, as the evidence discloses here, when the advancing car is three hundred and fifty feet distant. Such a condition is not so imminently and glaringly dangerous as to disclose to the driver the carriage would probably become caught therein while he was exercising due care on his part, and the approaching car run upon him, which is essential to charge the driver with negligence as a matter of law. The issue on

this feature of the case was properly referred to the jury.

The car was three hundred and fifty feet distant when he drove upon the track. The lights were such the carriage could have been seen for eight or nine hundred feet. Under the ordinance, it was the duty of the motorman to keep a vigilant watch for the driver and carriage, not only upon, but about to go upon the track as well, and at the first appearance of danger, to exercise ordinary care towards those on board the car, to check the speed, and place the car under control so as to avert injury. Had the motorman exercised the care mentioned, he could have seen the situation of peril for at least three hundred of the three hundred and fifty feet, and could no doubt have checked the car. There was substantial evidence for the jury on this issue and defendant placed no witnesses, motorman or other person on the stand to controvert it. The case was properly one for the jury on the evidence. [Cross v. Transit Company, 120 Mo. App. 458, 97 S. W. 183.]

Several witnesses on behalf of plaintiff testified the car was being operated on defendant's tracks, and that it was the same color, yellow, as defendant's cars, and bore the name of defendant company, "St. Louis & Suburban Railway Company," painted conspicuously on the sides thereof. This constituted substantial evidence to send the issue, whether or not defendant was operating the car, to the jury, and the demurrer was properly overruled on this issue.

3. The demurrer at the close of the case was properly overruled as well. No witness for plaintiff attempted to identify the car by number, although it is referred to in the statement as number 339. Both defendant's painter and treasurer testified that the St. Louis & Meramec River Railway Company operated yellow cars also on the date in question and that car 337 was owned and operated at the time by the last-named company. What-

ever force there may be in the proposition that both the treasurer and the painter of defendant company ought to have accurate information on the subject and their testimony be given greater weight thereon than that introduced by plaintiff on the same question, nothing appears in the plaintiff's case to identify the car which did the injury as number 337, concerning the ownership, and operation of which defendant's witnesses gave evidence. On the contrary although the number is not referred to in plaintiff's proof, it is designated in the statement as number 339. At any rate, the matter of credibility of the witnesses and who should be believed on the issue was for the jury, and to the jury it was pointedly referred by appropriate instructions.

4. The evidence of bystanders who did not at first qualify as experts, was admitted over defendant's objection and exception, tending to prove the car approached and was running at a rate of thirty-five or forty miles an hour. This is assigned as an error. It is now well-settled law that such a common, everyday matter as the speed of a street or railway car, with which people who generally are possessed of knowledge of time and distance are familiar is not essentially one for expert opinion. Such opinion in no sense involves a question of science. It is one on which one man who is possessed of the usual knowledge of time and distance may determine quite as well as another. While it is no doubt true the experience and capacity of witnesses on such matters are proper for the consideration of the jury as tending to affect the weight or value of the testimony, such matters certainly do not go to the question of its competency. [Walsh v. Railroad, 102 Mo. 582; 14 S. W. 873, 15 S. W. 757; Ashton v. Transit Co., 105 Mo. App. 226; 79 S. W. 999; Muth v. Railroad, 87 Mo. App. 422.] The witnesses giving testimony on the subject of the speed of the car, lived and occupied business establishments along the street (Franklin avenue) on which

the car line passed, and were accustomed to cars passing continually. It is certain they had some knowledge on the subject. Whether they did or not, while the evidence might not be of great weight, it was competent to be admitted for what it was worth and it was competent for the jury to consider and give to it such weight as to them seemed proper under the circumstances.

5. No instructions were asked or given on behalf of plaintiff, and an assignment of error is predicated upon this. Our statute (R. S. 1899, sec. 748) provides that upon the conclusion of the evidence, "either party may move the court" to instruct, etc., also the court, "may of its own motion give . . . instructions." There is nothing mandatory in this section, unless the court is first moved by the party desiring instructions, and the complaint here is not that the court refused instructions moved by it, but it is, the court did not, of its own motion, instruct for plaintiff, when plaintiff did not or failed to move for instructions. It is well settled the court is not required to instruct in civil actions unless moved to do so. There is no error in the court's failure to instruct when no instruction is requested. This is a personal right of the party litigant in a civil action and may be waived by him. [Nolan v. Johns, 126 Mo. 159, 28 S. W. 492. Mitchell v. Bradstreet Co., 116 Mo. 226, 22 S. W. 358, 724.] This assignment must therefore be ruled against defendant.

The instructions given by the court for defendant were comprehensive of the issues and clear. The verdict of the jury thereunder seems to be fair and just. We have given attention to such other questions as have been properly presented and find them without sufficient merit to justify prolonging the opinion. They are all overruled.

Finding no reversible error in the record, the judgment will be affirmed. *Bland, P. J.,* and *Goode, J.,* concur.