RIFE, Respondent, v. REYNOLDS, Appellant.

St. Louis Court of Appeals, March 23, 1909.

1. **APPELLATE PRACTICE: Record Proper: Motion for New Trial.** The fact that a motion for new trial is filed and overruled must appear on appeal by the abstract of the record proper; a recital to that effect in the bill of exceptions is not sufficient to permit the appellate court to review matters touching the merits of the case.

2. **LANDLORD AND TENANT: Duty to Repair: Covenants.** Although as a general rule the landlord is not bound to keep leased premises in repair and is not responsible for damage to the tenant caused by failure to repair, nevertheless if he agrees to keep them repaired at the time of leasing the premises and fails to keep the agreement, he is liable to the tenant for any damage that results from such failure.

Rife v. Reynolds.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Lew R. Thomason* for appellant.

*D. W. Hill* and *Thomas F. Lane* for respondent.

NORTONI, J.—In this case, plaintiff recovered in the circuit court and defendant prosecutes the appeal. The appeal is on the short form provided for by section 813, Revised Statutes 1899. The original transcript exemplifies only the judgment and order granting the appeal. Defendant's printed abstract of the record contains only the petition, answer, and reply. Then follows the bill of exceptions printed in full. It does not appear at any place in the printed abstract that a motion for new trial was filed or overruled. These matters should appear in the abstract of the record. Our statute requires the filing and overruling of the motion for new trial to be entered of record. The facts that such motion was filed and that it was afterwards overruled, are therefore essentially matters of record, and they should be shown in the abstract of the record. It is true the bill of exceptions recites that such motion was filed and overruled. That is insufficient, however, as the bill of exceptions is not the proper repository thereof. It has been decided many times by the Supreme and appellate courts of this State that unless it appears from the abstract of the record proper the motion for new trial was filed and overruled, the appellate court is not permitted to review any matter touching the merits of the case. A few of the more recent cases are as follows: Hill v. Butler County, 195 Mo. 511; Stark v. Zehnder, 204 Mo. 442; Harding v. Bedoll, 202 Mo. 625; Crossland v. Admire, 149 Mo. 650; Hill v. Combs, 92 Mo. App. 242; Bradbury

v. Kerns, 115 Mo. App. 99; Greenwood v. Parlin et al., 98 Mo. App. 407; Turney v. Ewins, 97 Mo. App. 627.

Where it fails to appear in the record proper that the trial court was invited to review its rulings on the merits of the cause, by motion for new trial, the only question open for consideration on appeal is the sufficiency of the record proper to support the judgment. We have examined the record and find that the petition sets forth a cause of action in damages for the defendant's breach of a contractual duty to repair certain premises plaintiff had leased from him for a hotel. It is averred that because of a defective roof which the defendant had agreed and covenanted to repair, her household furnishings were greatly damaged by water, etc.. Although it may be true as a general proposition that a landlord is not bound to keep leased premises in repair and that he is not responsible in damages for injury to the property of his tenant resulting from a failure to repair, it is certainly true that where he has, in leasing the premises, assumed the obligation to repair the roof of the building by contracting to do so, as charged in the petition in this case, and fails to keep his agreement entailing damages upon the tenant, thereby, the law will require him to respond. [Ward v. Fagin, 101 Mo. 669.]

We find the petition states a cause of action and the record proper is sufficient to support the judgment given thereon. In view of the fact that plaintiff's counsel insists upon the advantage afforded by the defects appearing in the abstract of the record, the judgment will be affirmed, without examining the merits of the cause. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.