BELLE TOCKSTEIN, Respondent, v. CHRIST BIMMERLE, Appellant.

St. Louis Court of Appeals, October 1, 1910.

1. JUSTICES' COURTS; Negligence: Wire Protruding From Fence: Pleading: Sufficiency of Statement. A statement of a cause of action begun in a justice's court, which recites that defendant owned described property adjacent to a public street and maintained a wire fence so as to cause ends of the wire to protrude over the sidewalk, and that while plaintiff was passing on the sidewalk her dress was caught on a wire protruding from the fence and torn, is good, on appeal to the circuit court, when not challenged by demurrer, as against the objection, made ore tenus at the opening of the trial, that it omits to allege that the fence was dangerous, or negligently constructed or maintained, since such allegations are implied or may reasonably be inferred from the facts stated.

2. ———: Pleading: Sufficiency of Statement. Where a statement of a cause of action begun in a justice's court was not challenged by demurrer, but only ore tenus at the opening of the trial in the circuit court, where the case was taken on appeal, its sufficiency must be tested after allowing all reasonsonable inferences and implications which it affords in favor of the pleader.

3. ———: ———: ———. A statement of a cause of action begun in a justice's court, which notifies defendant with reasonable certainty of the cause of action and bars another action for the same subject-matter is sufficient, though the case proceeds for a negligent injury and there is no specific averment of negligence.

4. NEGLIGENCE: Improvements Abutting on Streets: Duty of Owner. An owner of land adjoining a street must exercise

Tockstein v. Bimmerle.

ordinary care in constructing and maintaining abutting improvements on his property, and where one is injured, while rightfully passing on a street, because of the defective or negligent construction of a fence protruding over the sidewalk, the owner is liable.

5. ———: ———: Injury to Traveler on Street: Contributory Negligence. One need not abandon a convenient or accustomed route of travel in a public street because of a danger adjoining thereto, unless the use of the street under the circumstances is inconsistent with ordinary care; and the mere fact of knowledge of the danger is not sufficient to defeat the right of recovery as a matter of law, if an ordinarily prudent person would go about it in the same way, and one may recover, in such circumstances, though he knew of the defect, provided he exercised ordinary care for his own safety.

6. ———: ———: ———: ———: Jury Question. Whether a pedestrian, whose dress was caught and torn by wires protruding over the sidewalk, was guilty of contributory negligence, held, under the evidence, for the jury.

7. WITNESSES: Husband and Wife: Competency of Wife. Section 4656, Revised Statutes 1899, prescribing when a married woman may testify, does not render a wife competent to testify in an action against herself and her husband for negligently maintaining a fence adjacent to a sidewalk, where the husband offered the wife as a witness after the suit was dismissed as to her.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*John O. Marshall* for appellant.

(1) The petition was insufficient, and evidence thereunder should not have been admitted. It failed to state that the wire guard was dangerous; that the same was wrongfully or improperly constructed, save that it states the same were "near to and on" the sidewalk, which is so inconsistent as to render the two conditions at the same time a physical impossibility. Baustian v. Young, 152 Mo. 317; Norton v. City of St. Louis, 97 Mo. 537; St. Louis v. Ins. Co., 107 Mo. 92.    (2) The court

should have given the instruction at the end of plaintiff's testimony in chief. The testimony of plaintiff clearly showed that she knew of the existence of guard, and there was plenty of room on sidewalk for her to avoid it. One in possession of positive knowledge that the defect is dangerous, and in addition to this circumstance, there is another and safer way, no recovery can be had for an injury to persons or property from an attempt to pursue a dangerous course. Centralia v. Krause, 64 Ill. 19; Lovengarth v. Bloomton, 71 Ill. 238; Wilson v. Charleston, 8 Allen 137; Buesching v. St. Louis Gas Light Co. 73 Mo. 219; Murray v. Railroad, 101 Mo. 236; Lenix v. Railroad, 76 Mo. 86; Powell v. Railroad, 76 Mo. 80.    (3)   A defendant, and wife of codefendant, Sedalia B. Bimmerle, was a competent witness, even after the instruction given which terminated the suit as to her.    Harriman v. Stone, 57 Mo. 93; Scrutchfield v. Sauter, 119 Mo. 615; Brownlee v. Fenwick, 103 Mo. 420; Fugate v. Pierce, 49 Mo. 441; Tingley v. Cowgill, 48 Mo. 291; Buck v. Ashbrook, 51 Mo. 539. When title is held by entireties both husband and wife are competent witnesses in actions pertaining thereto, irrespective of marital relations. Edmonson v. Moberly, 98 Mo. 523.    (4)  The instruction offered by defendants number 1 was proper and should have been given. Miller v. Madison Car Co., 130 Mo. 517; Hartpence v. Rodgers, 143 Mo. 623.

*Albert E. Hausman* for respondent.

(1)   One who permits or causes a wire fence along or near a public highway to become in a dangerous condition to those lawfully using the highway is liable for all resulting damage. Brown v. Wabash, 90 Mo. App. 20; Foster v. Swope, 41 Mo. App. 137.    (2)   The statement filed before the justice of the peace was sufficient. It advised defendant of the nature of the claim and was sufficiently specific to bar another action for

the same damage. That is all that is required. Iba v. Railroad, 45 Mo. 469; Printing Company v. Belcher, 127 Mo. App. 137; Johnston v. O'Shea, 118 Mo. App. at 293; Johnson v. Kahn, 97 Mo. App. 628; Force v. Squier, 133 Mo. 306.

NORTONI, J.—This is a suit for damages alleged to have accrued on account of defendant's negligence in maintaining a defective fence adjacent to the highway. Plaintiff recovered and defendant prosecutes the appeal.

The action originated in a justice's court and a recovery of twenty dollars is sought as damages to plaintiff's skirt which was caught and torn on a wire protruding from defendant's fence over the granitoid sidewalk.

The first argument for a reversal of the judgment is to the effect that the statement of the cause of action is insufficient to support the judgment. After formal matters, the statement recites substantially that defendant owns a certain property, describing it, in the city of St. Louis adjacent to a public street thereof and that he had some time theretofore constructed and then maintained a wire fence in such a manner as to cause two barbs or ends of the wire to protrude over and upon the sidewalk, and on May 31, 1908, while plaintiff was passing on the sidewalk adjacent to said premises her dress was caught on a barb or wire projecting from said fence and torn, to her damage in the sum of twenty dollars; wherefore judgment is prayed for that amount.

The point made against the sufficiency of the statement is that it nowhere alleges the wire fence was dangerous nor that it was either negligently constructed or maintained. The omission of express averments to the effect suggested is wholly unimportant for they are both implied or may reasonably be inferred from the facts stated. The statement was challenged *ore tenus* at the opening of the trial. In such circumstances the suffi-

ciency of the statement is to be tested after allowing all
reasonable inferences and implications which it affords
in favor of the pleader.    [Thomasson v. Mercantile
Town Mut. Ins. Co., 217 Mo. 485, 116 S. W. 1092; s. c.
114 Mo. App. 109, 89 S. W. 564, 1135; Porter v. Rail-
road, 137 Mo. App. 293, 117 S. W. 680; Rife v. Rey-
nolds, 137 Mo. App. 290, 117 S. W. 652.]    Besides,
the case having originated before a justice of the peace,
the law is satisfied if the statement is sufficient to no-
tify the defendant with reasonable certainty of the
cause of action he is called upon to meet and bar another
action on account of the same subject-matter.   And this
is true though the case proceeds for a negligent injury
and no specific averment of the negligent act or the dan-
gerous condition of the fence is made.    Such negligent
or dangerous condition may be understood from the
other facts recited.    [Hall v. St. L. & Sub. R. Co., 124
Mo. App. 661, 101 S. W. 1137; Polhans v. A. T. & S. F.
R. Co., 45 Mo. App. 153; s. c. 115 Mo. 535, 22 S. W. 478;
Iba v. H. & St. Joe R. Co., 45 Mo. 469; Burt v. Warne,
31 Mo. 296.]

The evidence tends to prove that several weeks be-
fore plaintiff's skirt was caught on the wire, defendant
had set posts and stretched several wires thereon im-
mediately adjacent to the granitoid sidewalk in the pub-
lic street abutting his property.   At the point where the
wires were made fast to the posts at the corner of his
lot, they were twisted so that their ends protruded over
the walk in such a manner as to render it likely that
one passing might come in contact therewith.   As plain-
tiff was passing on the granitoid walk, she met a lady
and two children and in stepping to the side of the walk
for the purpose of passing them, her dress was caught on
one of the twisted wires and rent, to her damage in the
sum of twenty dollars.

There can be no doubt that it is the duty of the
owner of land adjoining a highway not to interfere with
the safety of persons using the same.   The highway is

open and free to one and all alike and adjacent property-owners are required to exercise ordinary care in constructing and maintaining abutting improvements on their property so as not to inflict or entail injuries upon one rightfully passing on the walk. It is therefore the rule that where one is injured while rightfully passing on the highway because of the defective or negligent construction of a fence which protrudes over the same from the abutting property, the owner whose negligent conduct entailed the injury may be required to respond in damages. [Foster v. Swope, 41 Mo. App. 137; Brown v. Wabash R. Co., 90 Mo. App. 20; Whitaker's Smith on Negligence 113 (2 Am. Ed.), 140, 141.] See, also, Buesching v. St. Louis Gas Light Co., 73 Mo. 219.

But it is said the court should have declared the plaintiff negligent as a matter of law and denied a recovery for the reason it appears she had some knowledge of the dangerous condition of the fence. We are not impressed with this argument in the least, for a person is not required to abandon a convenient or accustomed route of travel in a public street because of a danger adjoining thereto unless the use of the street under the circumstances would be inconsistent with the exercise of ordinary care. The mere fact of knowledge of the danger is not sufficient of itself to defeat the right of recovery as a matter of law, if an ordinarily prudent person would go about it in the same way; and one may recover in such circumstances notwithstanding his knowledge of the obstruction or defect, provided he was at the time exercising ordinary care for his own safety. Usually, as in this case, the question of plaintiff's contributory negligence in such matters is for the jury. [Smith v. City of St. Joseph, 45 Mo. 449; Buesching v. Gas Light Co., 73 Mo. 219; Foster v. Swope, 41 Mo. App. 137.] There is nothing in the evidence characterizing plaintiff's conduct different from that of an ordinarily prudent person.

The suit was originally instituted against both the

defendant and his wife, but was afterwards dismissed as to the wife and proceeded against the defendant alone. Upon defendant's offering his wife as a witness after the suit was dismissed as to her, the court sustained an objection against her testifying for the reason she was the wife of defendant. It is argued this was error. We are not so persuaded. No one can doubt the wife was an incompetent witness at common law in an action against her husband such as the one now under consideration and unless she is rendered competent as a witness under the provisions of section 4656, Revised Statutes 1899, section 4656, An. St. 1906, her incompetency continues as before. [Layson v. Cooper, 174 Mo. 211, 73 S. W. 472; Brinsmade v. Groll, 14 Mo. App. 444.] There is nothing in the statute referred to which in any manner suggests the competency of defendant's wife in this case and the court did not err in so ruling.

We have examined the instructions given which fully and fairly presented every issue in the case and required the jury to find negligence on the part of defendant and the exercise of ordinary care on the part of plaintiff as a prerequisite to a verdict for her. The instructions refused were either discretionary in the circumstances of the case or fully covered in those given. The judgment should be affirmed. It is so ordered. All concur.