THE MERRITT CREAMERY COMPANY, Appellant, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, January 27, 1908.

1. COMMON CARRIERS: Common Law: Insurer: Non-Delivery. An obligation of a common carrier with respect to the subject of transportation is that of an insurer and is liable for loss to the property regardless of the cause, save always the act of God and the public enemy.

2. ———: ———: ———: ———: Action. The shipper may have several forms of action for failure to deliver, as for instance, he may sue in tort for breach of common law duty to deliver or for breach of the contract of transportation, or, treating the carrier as a mere bailee, may sue for a specific tortious act causing the loss. The petition under judgment pleads an action *ex delicto* and not in *assumpsit*, and the cause of action originated in the place where the goods were to be delivered.

3. ———: ———: ———: ———: Limitation: Statute. Goods were to be delivered in Boston. By the act of the carrier they were lost in Kansas. The petition was for breach of the common law. *Held*, that under section 4280, Revised Statutes 1899, the Massachusetts Statute of Limitations controls and not the Kansas.

4. ——: ——: ——: ——: ——: ——: Agreed Statement. The agreed statement of facts is construed and held not to have changed the cause of action pleaded in the petition though it admitted that the goods were lost through misconduct of the carrier in Kansas.

Appeal from Buchanan Circuit Court.—*Hon. Chesley*

*A. Mosman,* Judge,

REVERSED AND REMANDED.

*Allen & Allen* and *Allen & Nichols* for appellant.

(1) The defendant claims that this action is barred by reason of the Kansas statute which it has pleaded and section 4280, Mo. Ann. Stat. 1906. Defendant assumes that the cause of action originated in Kansas and that it is fully barred by the laws of said State. (2) This is an action *ex delicto* and not an action *ex contractu*. In order for defendant's claim to be sound it would be necessary for the court to hold that plaintiff is suing on a contract which was made in Kansas and that such suit would be fully barred if brought in Kansas. But these are all false premises. We are not suing on any contract. (3) No cause of action arose or originated in this case until the defendant had a sufficient time to, and had failed to, deliver the goods at destination or to the connecting carrier at the end of its route. Angel on Lim. (6 Ed.), 320, par. 298. The destination of the goods was Boston, Massachusetts. The end of defendant's line is Chicago, Illinois, and it undertook to deliver the goods to a connecting carrier at that place, or to consignee in Boston. The default of defendant occurred where it undertook to deliver the goods. The cause of action originated at that time and place. The record does not show when the goods should have been delivered.

*Thomas R. Morrow* and *Culver & Phillip* for respondent.

(1) Whenever a cause of action has been fully barred by the laws of the State, territory or country in which it originated, said bar shall be a complete defense to any action thereon in any of the courts of this State. R. S. 1899, sec. 4280. (2) By the statute of Kansas it is provided that actions upon contracts, express or implied, and not in writing, are barred in three years and actions "for injury to the rights of another not arising on contract" are barred in two years after the cause

of action shall have accrued. Gen. Stat., sec. 4446. (3) So that whether this be an action in tort or in assumpsit, it was barred by the statute of Kansas when the petition was filed in Missouri, and if the cause of action originated in Kansas, it was barred by the laws of this State. This is not controverted. (4) The insistence of appellant is that the cause of action did not originate in Kansas, but in Boston, Massachusetts, because, as counsel put it in their brief: "the default of defendant occurred where it undertook to deliver the goods." (5) But this contention overlooks the admissions and stipulations made upon the trial. The plaintiff then admitted and stipulated that the butter was carried as far as Argentine and "that if the defendant in any way failed to perform any duty which it owed to the plaintiff, such failure only occurred at Argentine, Kansas, on the 31st day of May, 1903." (6) "Whatever be the form of action, the breach of duty is substantially the cause of action." Howell v. Young, 5 B. & C. 259, 266. When the breach occurs the cause of action accrues. This is elementary. It is not denied by plaintiff.

JOHNSON, J.—This suit was brought by a shipper against a common carrier to recover the value of a shipment of goods lost in transit. A jury being waived by agreement of parties, the court found in favor of defendant on the pleadings and admitted facts, and plaintiff brought the case here by appeal.

The cause of action pleaded in the petition is "that on or about the 26th day of May, 1903, the plaintiff delivered to the defendant for transportation from Great Bend, Kansas, to Boston, Massachusetts, and defendant accepted and undertook to transport twenty-five tubs of butter containing fifty pounds each, twenty-five tubs of butter containing thirty pounds each and twenty-six tubs of butter containing twenty pounds each consigned to Lamson & Co., Boston, all of which belonged to the

plaintiff; that the butter was delivered to defendant for shipment in car M. D. T. 9043. That it thereupon became and was the duty of defendant as a common carrier to safely transport and deliver said butter and all of it to consignee at Boston, Massachusetts, yet said defendant wrongfully neglecting and refusing to perform its duty in that behalf did fail, neglect and refuse to so transport and deliver said butter or any part thereof; that said butter was of the value of $529, and that plaintiff has been damaged by said failure to so transport and deliver said butter in the sum of $529."

In the answer, defendant admitted that, as a common carrier, it received the butter from plaintiff for transportation to the consignee at Boston, and that it failed to make delivery. Two defenses are interposed: First, "that when the cars in which said butter was being carried arrived at Argentine, in the State of Kansas, the same were overtaken by an extraordinary and unprecedented flood of water, wholly beyond the control of this defendant, which inundated and overspread the entire surrounding country, including the tracks and yards of this defendant; and that flood, which was an act of God, entirely destroyed said consignment of butter on May 31, 1903." Second, a statute of Kansas is pleaded which provides that an action of this character shall be barred in three years after the cause of action has accrued and it is alleged, in substance, that this statute should be applied to defeat a recovery by plaintiff, since the present suit was not brought until after three years had elapsed from the loss of the property.

The following admissions were made by the parties at the trial: "That ever since 1901, there was in full force and effect in the State of Kansas section 4446 of the General Statutes of Kansas as set out in defendant's amended answer. . . . that the shipments referred to in the plaintiff's petition were delivered to the defendant by the plaintiff at Great Bend, Kansas, for

shipment to Boston in May, 1903; that said defendant carried said consignments over its road from Great Bend, Kansas, to Olathe, Kansas, and at said point, in order to avoid the high waters on its road detoured said consignments and transported them over the 'Frisco Line' to Kansas City, Missouri, and from Kansas City, Missouri, into its yards on its own line at Argentine, Kansas, which was the destination of the train in which this car was, which yards are used by the defendant company for placing all cars preparatory to their being made up into trains; that the goods were not stopped at Kansas City at all, but passed through to Argentine, Kansas, from which point they were to have been forwarded to the place of destination, but were never delivered to the consignee. It is further admitted by both parties that if the defendant in any way failed to perform any duty which defendant owed to the plaintiff, such failure only occurred at Argentine, Kansas, on the 31st day of May, 1903."

Defendant then moved for judgment on the pleadings and admissions. The motion was sustained and judgment entered for defendant.

For the purposes of the motion for judgment, defendant, in effect, eliminated the defense pleaded in the answer, that the property was destroyed by the act of God, and relied for defense on the sole proposition that the cause of action accrued at Argentine, Kansas, and was barred by the Statute of Limitations of that State, which under the provision of section 4280, Revised Statutes 1899, must be applied in the courts of this State. In this posture of the case, we must assume as established the facts that defendant, as a common carrier, accepted the shipment at Great Bend, Kansas, for delivery at Boston; that it failed to deliver, and that such failure was the result of the loss of the property at Argentine by some tortious act or neglect of defendant. In other words, the motion necessarily is based on the hypothesis

that plaintiff is entitled to recover in this action, but for the bar thereto interposed by the Kansas statute.

It will be observed that the petition is carefully drawn to plead a cause of action *ex delicto* as distinguished from one in the nature of assumpsit founded on a breach of the contract of transportation. The cause of action alleged is the failure of defendant to discharge its common law obligation to deliver the property at its destination. Plaintiff takes the position that the breach of duty occurred at the place of delivery and, consequently, that the cause accrued at that place and that the cause of the failure to deliver (such as an act of God or the public enemy) is immaterial as long as it is not shown to be one which would excuse the carrier from liability under the common law. On the other hand, defendant argues that the act of the carrier which disabled it from discharging its common law duty to deliver is the real cause of action and that the fact that the property was not delivered is but evidentiary and in no sense creative of the cause of action.

We are of opinion that plaintiff has the better of the argument and that the learned trial judge erred in sustaining the motion for judgment. At common law, the obligation of a common carrier with respect to the subject of transportation is that of an insurer. It is liable for loss of or damage to the property regardless of the nature of the cause of injury. To this rule, there are certain exceptions. If the carrier can show that the proximate cause of its apparent breach of duty was some overwhelming force such as the act of God or the public enemy, or that it resulted from unavoidable accident, from the fraud or fault of the owner of the goods, or from some inherent defect or infirmity of the goods, themselves, which has caused the injury, it will be relieved of its obligation of an insurer and will not be held to respond in damages for the loss or injury sustained. In the absence of proof of such excusing fact, the burden

of which is on the carrier, the fact of failure to deliver of itself constitutes a cause of action and the plaintiff, neither in his pleading nor evidence is required to go behind that fact to show the specific misconduct that incapacitated the carrier from delivering the goods. The owner of goods lost in transportation by a cause which will not relieve the carrier from liability may have several different causes of action, any one of which he may elect to prosecute. He may sue, as we have said, in tort for breach of the common law duty to deliver, or for breach of the contract of transportation, or by treating the carrier as a mere bailee, may allege the specific tortious act by which the goods were lost and found his right to recover on that. The place where the goods were to be delivered is the place where the cause originates in the first mentioned class of actions, but the place where the tortious act occurred is that where the cause arises which is based on the specific misconduct that produced the injury. The cause pleaded in the present action being for breach of the common law duty to deliver the goods in Boston, the Statute of Limitations in force in Massachusetts (under the provisions of section 4280, Revised Statutes 1899) controls the time in which that action may be prosecuted in this State, and the learned trial judge erred in holding that the Kansas statute should be applied. There is nothing in the case of Lamar Manufacturing Co. v. Railway, 117 Mo. App. 453, at variance with what we have said. It is true that when the carrier sustains the burden of showing that the loss or injury to the goods was the direct result of an act of God, the burden of proving that the carrier, notwithstanding the presence of such excusing cause was guilty of concurring negligence which directly contributed to the loss or injury, is on the plaintiff. But that rule goes only to a matter of defense and cannot operate to change either the nature or the *situs* of the cause of action. With the defensive matter met by proof of concur-

ring negligence, the cause still rests on the failure of the carrier to deliver the goods at their destination. ·

But it is argued by defendant that the admission made by plaintiff "that if the defendant in ·any way failed to perform any duty which defendant owed to the plaintiff such failure only occurred at Argentine, Kansas, on the 31st day of May, 1903," made the tort, if any, which occurred at that place the ground of his action. We do not agree with this contention. Construed in the light of the pleadings and of the other facts admitted, we think it was not within the contemplation of the parties to attempt to change the cause pleaded in the petition and that the parties meant only to agree that if the goods were lost through the misconduct of defendant, such misconduct occurred at Argentine. Whether the fact of the place where the goods were lost was admitted by the parties or was made a matter of proof, it would be immaterial to the cause pleaded in the petition and, in any event, could be only material to prove or disprove the defensive issue that the goods were destroyed by an act of God or by some other cause that would excuse the carrier from its common law liability.

It follows from what has been said that the judgment must be reversed and the cause remanded. All concur.