W. J. MOSELEY, Defendant in Error, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Plaintiff in Error.

**Kansas City Court of Appeals, October 5, 1908.**

1. **CARRIERS: Pleading: Practice: Verdict.** A shipper whose goods are lost may sue in tort for breach of common law duty to deliver or for breach of the contract of shipment or for conversion, as by a bailee; and these three forms of action may be joined in one petition and a general verdict will be sufficient.

2. **APPELLATE PRACTICE: Evidence: Objection: Privileged Communication.** Objections to evidence not interposed at the time the evidence is offered below cannot be considered in the appellate court; and the objection to a certain letter that it related to a compromise and was therefore a privileged communication, is without merit.

3. **CONVERSION: Price of Corn: Evidence:** *Held*, there was sufficient evidence to send the question of the price of corn at a given point at a given time to the jury.

Error to Jackson Circuit Court.—*Hon. Edward P. Gates,* Judge.

AFFIRMED.

*Harris Robinson* for plaintiff in error.

(1) Upon the evidence introduced plaintiff was not entitled to recover upon either the first or second counts of his petition. Therefore, in overruling said instructions to said first and second counts the court committed reversible error. Mooney v. Kennett, 19 Mo. 551; Christal v. Craig, 80 Mo. 367; Lancaster v. Insurance Co., 92 Mo. 460; Lang v. Oppenheimer, 96 Ind. 47; Greenwood v. Cobbey, 30 Neb. 579. (2) The letter was hearsay evidence and only admissible on the theory that it contained an admission against the interests of the defendant, and it was not shown that J. S. Tustin, who wrote it, had authority to make any admission bind-

ing defendant, or that the scope of his duties was such that such authority might be inferred. Lumber Co. v. Kreeger, 52 Mo. App. 422; Helm v. Railroad, 98 Mo. App. 419; Rusher v. City, 71 Mo. App. 424.

*Joseph P. Fontron* and *J. Allen Prewitt* for defendant in error.

(1) The defendant could not have been hurt by the court's overruling the two instructions given, as the court allowed the plaintiff to recover only on the third count, as recited in the instructions themselves given for plaintiff. (2) The fair and reasonable market value of the corn at Ennis, Texas, was testified to by the witness, Linton, as seventy-three cents. Besides that the sale price is persuasive evidence of the market price and is entitled to weight with the jury.

JOHNSON, J.—On June 24, 1903, plaintiff delivered a car of corn to defendant railroad company at the station of Levasy, Missouri, and defendant undertook for hire to transport the corn to Ennis, Texas, and there to deliver it to plaintiff, the consignee. Plaintiff alleges that the property was not delivered and prays judgment for its value. The petition is in three counts. In the first, a breach of the common law duty of the carrier to deliver is alleged; in the second, a conversion of the property, and in the third, a breach of a contract to deliver in a reasonable time.

Defendant alleges in its answer that it permitted plaintiff to load the corn in a car at Levasy on June 12, 1903, as an accommodation to him; that the property at the time was in danger of destruction by the great flood of the Missouri river then prevailing, and that it would have been destroyed had it been left in the crib where it was stored; that on June 24th plaintiff requested defendant to issue him a bill of lading for the transportation of the car to Ennis, Texas, and defendant complied with the request on the understand-

ing and agreement that the shipment was received subject to delays, as defendant's railroad was in a crippled and congested condition from the ravages of the flood, and was disabled from forwarding the car promptly; that on July 17th the car was started on its journey and in due time, was delivered at Texarkana, the end of defendant's line, to a connecting carrier and was hauled without delay from that place to Ennis. Further, it is stated that plaintiff refused to receive the corn at Ennis and the connecting carrier sold it, paid the freight charges out of the proceeds and retained the remainder for the benefit of the owner of the property. It appears from the evidence that immediately after he received the bill of lading, plaintiff indorsed it to the Linton Grain Company of Kansas City which was acting as plaintiff's broker and had sold the corn at Ennis. At the time of this transfer, the grain company advanced plaintiff $298. Because of the great delay in transportation of the car, the purchaser at Ennis refused to accept the corn and threw it back on the hands of the Linton Grain Company which, in turn, required plaintiff to refund the amount of the advancement and returned to him the bill of lading.

Evidence introduced by defendant shows that the delay in forwarding the car was agreed to by plaintiff but this is contradicted by the evidence of plaintiff. It was shown that from four to seven days would have been a reasonable time to consume in the transportation and it is conceded that the corn was not delivered to plaintiff or on his order, but was sold by the connecting carrier and net proceeds of $39 realized for the owner, which, however, is still in the hands of the connecting carrier.

At the request of plaintiff, the court instructed the jury as follows: "The court instructs the jury that under the pleadings and undisputed evidence in this case, defendant on June 24, 1903, received of plaintiff

the carload of corn described in plaintiff's petition, and issued a bill of lading therefor; that said car of corn remained at Levasy station from said 24th day of June until July 6, 1903, when it was sent by defendant to Myrick station, on defendant's line, and there remained until July 17, 1903.

"If, therefore, you further find and believe from the evidence that such delay in the transportation of said corn was without plaintiff's consent or knowledge, and that the same was unnecessary and unreasonable, and that by reason of said delay plaintiff's consignee of said corn at Ennis, Texas, refused to accept the same, and that defendant thereupon failed or refused to comply with its contract by retaining said corn for plaintiff as warehouseman, or storing said corn in a public warehouse at plaintiff's risk and expense and notifying plaintiff thereof, and otherwise disposed of said corn without accounting to plaintiff for its value, then defendant was guilty of breach of contract with plaintiff and of conversion, and liable to plaintiff for all damages sustained by reason thereof in a sum not to exceed the sum of $298 with six per cent from July 22, 1903, and you will so find on third count of plaintiff's petition.

"The court instructs the jury that under the terms of the bill of lading introduced in evidence the defendant contracted with plaintiff to carry the car of corn in question from Levasy, Missouri, to Ennis, Texas, and thereby became responsible to plaintiff and liable for the acts of defendant's connecting carriers over whose lines said corn may have passed. And if you find that said corn was converted without accounting to plaintiff for the value thereof, then your verdict must be for plaintiff on third count of petition, even though you further find that said corn was converted by some other road than the defendant.

"The court further instructs the jury that in case

you find for plaintiff, you will assess plaintiff's damages at such amount as you may believe from the evidence to be the reasonable and fair market value of corn at Ennis, Texas, at the time defendant agreed to deliver the same. And you may also allow to plaintiff interest at the rate of six per cent of the value of said corn from said time."

The following instructions were given at the instance of defendant:

"The court instructs the jury that defendant was not bound to transport plaintiff's corn to its destination in any particular length of time or by any specified date, and your verdict therefore must be for the defendant, unless it has been proven to your reasonable satisfaction by the greater weight of all the evidence in this case that defendant did not transport said corn to its destination in a reasonable time, taking into consideration the then existing circumstances.

"The court instructs the jury that it devolves upon plaintiff to prove to your reasonable satisfaction by the greater weight of all the credible evidence in this case that defendant did not deliver the corn in controversy here to the consignee at Ennis, Texas, and unless you believe plaintiff has so proven said failure to deliver, your verdict must be for the defendant."

The jury returned a general verdict for plaintiff in the sum of $347.50.

Defendant argues that the court erred in refusing its request for an instruction directing a verdict in its favor on the first and second counts of the petition, but we think the evidence was sufficient to support a verdict on each of these counts as well as on the third count, and that the causes of action pleaded in the several counts might be joined in one action. Recently we held that "the owner of goods lost in transportation by a cause which will not relieve the carrier from liability may have several different causes of action, any

one of which he may elect to prosecute.  He may sue, as we have said, in tort for breach of the common law duty to deliver, or for breach of the contract of transportation, or by treating the carrier as a mere bailee, may allege the specific tortious act by which the goods were lost, and found his right to recover on that." [Creamery Co. v. Railroad, 128 Mo. App. 420.]  No good reason appears for saying that plaintiff may not plead such different causes in one petition but in separate counts in order to meet different phases of proof. Certainly they are not inconsistent since proof of one does not necessarily disprove either of the others.  But defendant contends further, and we find the point preserved in the motion in arrest of judgment, that the verdict being general is not responsive to all the issues tendered in the petition.  It has been held repeatedly that when the petition sets out several distinct causes of action, a verdict for the entire and gross sum cannot be sustained.  There should be a separate verdict on each cause or count in order that the court may know how the issues were found.  But it is just as well settled that this rule does not apply "where there is really but one cause of action stated in a different manner in different counts so as to meet any possible state of facts that may be shown by the evidence.  In such case, a finding upon any one of the counts would be a bar to any further recovery on any count in the petition and a general verdict for the plaintiff would be sufficient."  [Owens v. Railroad, 58 Mo. 386; Brownell v. Railroad, 47 Mo. 239; Campbell v. King, 32 Mo. App. 38; Burbridge v. Railway, 36 Mo. App. 669; Lancaster v. Insurance Co., 92 Mo. 460.]

The different counts in the petition before us deal with the same transaction, the same subject-matter, call for the assessment of the same damages, and the verdict on one undoubtedly would afford a complete bar to the prosecution of a future action on a cause pleaded

in either of the others.  We deem the verdict sufficient to support the judgment.

Point is made that the court erred in admitting in evidence, over the objection of defendant, the following letter written by the freight claim agent of defendant:

"St. Louis, Mo., November 9, 1903.
"Linton Grain Co., Kansas City, Mo.

"Gentlemen:  In reply to your favor August 23rd, beg to advise corn from I. M. 11376 was sold, with a net result of $39, which amount is in the treasury of the H. & T. C. R. R. subject to claim.

"Please send your claim direct to W. H. Taylor, acting general freight agent, Houston, Texas, giving reference in your letter of transmittal to W. T. 5443 and my R. C. 57568.                    Yours truly,
              "J. S. TUSTIN, F. C. A."

This letter was in response to one written Mr. Tustin by the Linton Grain Co. in which the writer said "We are advised by your commercial office here that car 11376 billed by W. J. Mosely, Levasy, Mo. to W. J. Mosely, Ennis, Texas, has been by your orders sold at public auction at Houston, Texas.  We hold, and always have held, the bill of lading on this car dated June 24, '03.  Will you kindly furnish us the amount received by the Missouri Pacific from the sale of this car."  The first objection urged against the admissibility of Mr. Tustin's letter is that it was "hearsay evidence and only admissible on the theory that it contained an admission against the interests of defendant, and it was not shown that J. S. Tustin, who wrote it had any authority to make any admission binding defendant, or that the scope of his duties was such that such authority might be inferred."

This ground cannot be considered for the reason that it was not included in the objection made at the

trial when the letter was offered. The only ground of objection then was that the letter was inadmissible "because it was written after the suit was brought and is an offer of compromise. It is a privileged communication and we object to it." Objections to evidence not interposed at the time the evidence is offered will not be considered in the appellate court. There is nothing in the point that the correspondence related to the subject of compromise and consequently that the letter should be treated as a privileged communication. The letter of the Linton Grain Company contained nothing but a statement that the writer as the holder of the bill of lading was entitled to the proceeds of the sale of the grain and a request to be informed of the amount of such proceeds; and the letter of Mr. Tustin contained nothing more than a proper answer to the inquiry. In no sense was it an offer of compromise.

Further, it is urged that there is no evidence in the record of the market value of the grain at Ennis, Texas, at the time when it should have been delivered to the consignee had delivery been made in a reasonable time. Mr. Linton, introduced as a witness by plaintiff, testified that the reasonable market value of the grain at that time and place was seventy-three cents per bushel, the price at which it had been sold, and we are of opinion he showed himself to be qualified to testify as an expert. Other points are made, but they are clearly without merit and need not be noticed. A careful inspection of the whole record convinces us that the case was fairly tried, properly submitted in the instructions given the jury, and that the verdict is for the right party. Accordingly the judgment is affirmed. All concur.